# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISON

| | |
|---|---|
| ROBERT BENDER,<br><br>      Plaintiff,<br><br>vs.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE,<br><br>      Defendants. | CASE NO.  4:23-cv-203<br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

COMES NOW Plaintiff Robert Bender, by and through counsel, and hereby brings his causes of action against Ottumwa Community School District, Jerry Miller, and Dana Warnecke and hereby states to the Court as follows:

## INTRODUCTION

1. This is an action under and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981, 42 U.S.C. 1983, and the Iowa Civil Rights Act, Iowa Code Chapter 216.

2. Under Title VII, 42 U.S.C. 1981, the Equal Protection Clause of the United States Constitution, and the Iowa Civil Rights Act, Plaintiff is protected from discriminatory practices based on his race and his skin color as well as against retaliation for opposing discriminatory conduct.

## PROCEDURAL REQUIREMENTS

3. Plaintiff Bender filed his race and skin color discrimination complaint with the Iowa Civil Rights Commission on April 4, 2022, within the 300-day limitations period from the last discriminatory act alleged. This Complaint was cross-filed with the Equal Employment

Opportunity Commission.

4. On March 21, 2023, less than ninety days prior to the filing of this Complaint, the Iowa Civil Rights Commission issued a Right to Sue Letter. Plaintiff is awaiting receipt of the Equal Employment Opportunity Commission Right to Sue Letter which was requested on February 7, 2023.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under federal law and pendent jurisdiction of the state claims under 28 U.S.C. § 1367.

6. Venue in the Southern District Court in Iowa is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this claim occurred in Wapello County, Iowa.

7. The unlawful acts of which Plaintiff complains occurred in Wapello County, Iowa.

## PARTIES

8. Plaintiff Robert Bender is an African American male, and all times material hereto, was a citizen and resident of Wapello County, Iowa.

9. At all times material hereto, Defendant Ottumwa Community School District was a school district located in Wapello County, Iowa.

10. At all times material hereto, Defendant Miller was a citizen and resident of Wapello County, Iowa, and was employed by Defendant Ottumwa Community School District as a Principal.

11. At all times material hereto, Defendant Warnecke was a citizen and resident of Wapello County, Iowa, and was employed by Defendant Ottumwa Community School District

as an Assistant Principal.

## FACTUAL BACKGROUND

12. Plaintiff Robert Bender is African American. He is a member of a protected class based on his race. Plaintiff's skin color is black. He is a member of a protected class based on his skin color.

13. Mr. Bender began working for Defendant Ottumwa Community School District on July 20, 2021, as Behavior Teacher and Junior Varsity High School Boys Basketball Coach.

14. Mr. Bender continues to work for Defendant Ottumwa Community School District and has also held the position of Junior High School Girls Track Coach.

15. Since he started working at Ottumwa Community School District, Mr. Bender has been the victim of racist abuse and harassment from students.

16. In early September 2021, Mr. Bender was first referred to by a student as a "nigger" and several of his colleagues witnessed it but did not challenge or stop the student's behavior.

17. In late September 2021 into early October 2021, another student referred to Mr. Bender as a "nigger" several times and again this was witnessed by several of his colleagues.

18. This incident was reported to Defendants Jerry Miller and Dana Warnecke.

19. The student involved was eventually suspended for either a half or full day.

20. From October 2021 to December 2021, Mr. Bender was refereed to as a "nigger" on at least a weekly basis by different students in front of other staff, administration, and students.

21. During this time, Mr. Bender also received sticky notes with racist messages on them. Mr. Bender again reported this conduct to Defendants Miller and Warnecke.

22. In January 2022, Mr. Bender reported the racist conduct to the Executive Director of Human Resources and Operations, David Harper.

23. Mr. Harper discussed the acts of racism with Defendant Miller, who later assured Mr. Bender that racist conduct would not be tolerated.

24. Unfortunately, the lack of discipline emboldened the students, and they continued to refer to Mr. Bender as a "nigger" in front of staff and administration.

25. One student in particular has repeatedly used the racist term in reference to Mr. Bender.

26. The student was eventually sent to "timeout" for his use of the term, but Mr. Bender was the adult in charge of supervising the student.

27. Throughout the duration of the timeout, the student continued to use the term directed toward Mr. Bender.

28. Another student started referring to Mr. Bender as a "nigger" and stated to Mr. Bender that he must be one since other students were referring to Mr. Bender using the term and were not being disciplined.

29. On March 9, 2022, Defendant Miller reassigned Mr. Bender from a Behavioral Teacher to an Inclusion Teacher for the next school year.

30. Mr. Bender was told by Defendant Miller that the reason he was being moved was because he had let a student walk out of his class.

31. On average there are about five to ten students who walk out of teachers' classrooms a day, and Plaintiff is unaware of any other teachers getting reassigned.

32. On March 22, 2022, at the bus stop a student used the term "nigger" towards Mr. Bender in front of staff and parents.

33. On March 23, 2022, the student again used the term in front of Defendant Miller.

34. The student was not removed from class on March 23, 2022 and to Plaintiff's knowledge did not face any discipline or consequences.

35. Other students have been more severely disciplined for behavior not relating to Mr. Bender.

36. A student was given a three-day suspension for slamming a door in the face of one of the assistant principals.

37. Around the same time as the incident with the door, Mr. Bender was hit and called "nigger" by two different students, and they received no real punishment.

38. Another student referred to a teacher as a "fat man" and was suspended for three days.

39. On March 29, 2022, a student was suspended from Mr. Bender's class for cursing at Defendant Miller and other staff.

40. The student used the terms "nigger" and "pussy".

41. When Defendant Miller informed Mr. Bender of the incident, he told Mr. Bender that although he takes no offense to the n-word that he understood why Mr. Bender would.

42. Mr. Bender was given the option to move to any available positions in the school district for the 2022-2023 school year.

43. Mr. Bender applied for and was accepted for a position as a special education teacher at the high school.

44. Out of ten special education teachers, Mr. Bender is the only African American teacher.

45. On Wednesday, May 17, 2023, Mr. Bender was contacted by HR and told that his

progress monitoring for one student is not in compliance.

46. Compared to the other nine special education teachers, Mr. Bender's reporting is on par if not more detailed.

47. Due to the events detailed in this complaint, Mr. Bender has suffered anxiety attacks and has been prescribed anxiety medication by his doctor.

### COUNT I – VIOLATION OF 42 U.S.C. SECTION 1981
### AGAINST ALL DEFENDANTS

48. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–47, above.

49. Defendants subjected Plaintiff to unwelcome conduct by enabling students to harass and humiliate him through the use of racial slurs and racially charged language.

50. This conduct was severe and pervasive. On a daily basis, Plaintiff was subjected to racist harassment from his students and was offered no relief from Defendants.

51. Race was a motivating factor for Defendants' actions.

52. Plaintiff complained about the race discrimination he experienced and otherwise opposed practices made unlawful by 42 U.S.C. section 1981.

53. Defendants retaliated against him because of his race and because of his complaints opposing discrimination.

54. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

55. Defendants' unlawful actions were intentional, willful, malicious, and/or done

with reckless disregard to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendants and to deter them and others from similar conduct in the future, for prejudgment and post judgment interest, for attorney's fees and expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Civil Rights Act of 1866.

**COUNT II – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION**
**AGAINST ALL DEFENDANTS**

56. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 47 above.

57. Defendants intentionally discriminated against Plaintiff because of his race, as set forth above.

58. Defendants are state actors for purposes of 42 U.S.C. 1983, and their actions, outlined above, were taken under the color of state law.

59. Defendants, through their agents, servants, and employees in their official capacities, established a policy, regulation, official decision, custom, or usage of reckless or deliberate indifference to the rights of Plaintiff.

60. Defendants established, maintained, and enforced policies, regulations, official decisions, or usages which unconstitutionally deprived Plaintiff of his rights guaranteed by the Equal Protection Clause to the United States Constitution.

61. Defendants deprived Plaintiff of the rights guaranteed to him under the Equal Protection Clause of the United States Constitution in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Bender prays for the following relief:

a) That Defendants' conduct be declared to be in violation of Plaintiff's rights as outlined by the Equal Protection Clause of the United States Constitution;

b) That Defendants and their employees, agents, attorneys, successors and assigns, and those acting in concert therewith be enjoined from any conduct violating Plaintiff's rights or the rights of others similarly situated as secured by the Equal Protection Clause of the United States Constitution, and that the Court order such other injunctive relief as necessary to prevent Defendants from continuing their discriminatory practices and to protect others similarly situated;

c) That Plaintiff be awarded compensatory damages;

d) That Plaintiff be made whole by providing him compensation for the past and future mental and emotional harm and anguish, and other affirmative relief;

e) That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action; and

f) That Plaintiff be awarded such additional and further relief as is just and proper.

**COUNT III – RACE AND SKIN COLOR DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST DEFENDANT DEERE & CO.**

62. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–47, above.

63. Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

64. Plaintiff experienced discrimination on the basis of his race and skin color.

65. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

66. Plaintiff complained about race discrimination he experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Rights Act.

67. Defendants, their agents, and/or employees retaliated against him because of his race and because of his complaints opposing discrimination.

68. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

69. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendants and to deter them and others from similar conduct in the future, for prejudgment and post judgment interest, for attorney's fees and expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Title VII of the 1964 Civil Rights Act.

### COUNT IV – HARASSMENT AND DISCRIMINATION ON THE BASIS OF RACE AND SKIN COLOR IN VIOLATION OF IOWA CODE CHAPTER 216.6 AGAINST ALL DEFENDANTS

70. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–47, above.

71. Plaintiff is an African American and his skin color is black and is a member of a protected class under the Iowa Civil Rights Act, Iowa Code Chapter 216.

72. Defendants discriminated against and harassed Plaintiff with respect to the terms and conditions of his employment and permitted harassment and discrimination based on race and skin color against Plaintiff in violation of Iowa Code Chapter 216, as set forth above.

73. The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile or abusive.

74. Defendants' conduct towards Plaintiff was unwelcome.

75. Defendant Ottumwa Community School District and its employees Jerry Miller and Dana Warnecke knew, or should have known, of the race discrimination undertaken by its students.

76. Defendants' violations of Iowa Code Chapter 216 were a cause of injuries and damages suffered by Plaintiff.

77. As a result of the Defendants' actions, Plaintiff has in the past and will in the future incur costs for ongoing treatment of his anxiety, as well as emotional distress, anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for the following relief:

a) That Defendants' conduct be declared to be in violation of Plaintiff's rights under and pursuant to Iowa Code Chapter 216;

      b)     That Defendants and their officers, employees, agents, attorneys, successors and assigns, and those acting in concert therewith, be permanently enjoined from any conduct violating Plaintiff's rights, or the right of others similarly situated, as secured by Chapter 216 of the Iowa Code, and that the Court order such other injunctive relief as necessary to prevent the Defendants from continuing their discriminatory practices and to protect others similarly situated;

      c)     That Plaintiff be awarded compensatory damages;

      d)     That Plaintiff be awarded reasonable attorney's fees and costs incurred in prosecuting this action; and

      e)     That Plaintiff be awarded such additional and further relief as is just and proper.

## COUNT V: RETALIATION IN VIOLATION OF IOWA CODE SECTION 216.11 AGAINST ALL DEFENDANTS

78.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–47, above.

79.     Plaintiff complained to Defendants about the discrimination and harassment he experienced on several occasions.

80.     After Plaintiff Bender complained about discrimination and harassment on the basis of his race and skin color, Defendants retaliated against Plaintiff by further discriminating against him, harassing him, and subjecting Plaintiff to a hostile work environment.

81.     Iowa Code Section 216.11 forbids harassment and retaliation against a person for filing a complaint regarding the discrimination he faces on the basis of his race and skin color.

82.     Defendants' violation of Iowa Code Chapter 216 is a cause of the injuries suffered by Plaintiff.

83.     As a result of the Defendants' actions, Plaintiff has suffered, and will continue to

suffer, past and future mental and emotional harm and anguish, anxiety, fear, loss of enjoyment of life, and other damages.

WHEREFORE, Plaintiff prays for the following relief:

a) That Defendants' conduct be declared to be in violation of Plaintiff's rights as outlined by Iowa Code Chapter 216;

b) That Defendants and their employees, agents, attorneys, successors and assigns, and those acting in concert therewith be enjoined from any conduct violating Plaintiff's rights or the rights of others similarly situated as secured by Chapter 216 of the Iowa Code, and that the Court order such other injunctive relief as necessary to prevent Defendants from continuing their discriminatory practices and to protect others similarly situated;

c) That Plaintiff be awarded compensatory damages;

d) That Plaintiff be made whole by providing her compensation for the past and future mental and emotional harm and anguish, and other affirmative relief;

e) That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action; and

f) That Plaintiff be awarded such additional and further relief as is just and proper.

## JURY DEMAND

COMES NOW Plaintiff Robert Bender, by and through counsel, and hereby demands a trial by jury in this matter.

Dated: June 15, 2023

                Respectfully Submitted,

                */s/ Roxanne Conlin*
                ROXANNE CONLIN AT0001642
                DEVIN C. KELLY AT0011691
                ROXANNE CONLIN & ASSOCIATES, P.C.
                3721 SW 61st Street, Suite C
                Des Moines, IA 50321-2418
                Phone: (515) 283-1111; Fax: (515) 282-0477
                Email: roxanne@roxanneconlinlaw.com
                        dkelly@roxanneconlinlaw.com
                cc: dpalmer@roxanneconlinlaw.com
                ATTORNEYS FOR PLAINTIFF