IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT BENDER<br><br>    Plaintiff,<br><br>vs.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE<br><br>    Defendants. | CASE NO: 4:23-cv-203<br><br>BRIEF IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED |

COME NOW Defendants Ottumwa Community School District ("School District"), and Dana Warnecke ("Warnecke"), (collectively "Defendants")[1], by and through their undersigned counsel, and submit this Brief in Support of their Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted, and in support thereof state as follows:

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.,* 432 F.3d 866, 867 (8th Cir. 2005)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct.

---

[1] Defendant Jerry Miller is not moving to dismiss but joins the request of his co-defendants, to the extent his position is required.

1955, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for FED.R.CIV.P. 12(b)(6) found in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The facts in the Complaint must "raise a right to relief above the speculative level," and into the "realm of plausible liability." *See Twombly*, 550 U.S. at 555. Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific tasks that requires the reviewing court to draw on its judicial experience and common senses. But where the well-pleaded facts do not permit the court to infer more than the mere possibly of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED.R.CIV.P. (a)(2)).

"When ruling on a motion to dismiss under Rules 12(b)(6) or 12(c), a district court generally may not consider materials outside the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir.2008) (citing *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999)). "It may, however, consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.' " *Id.*

## ARGUMENTS AND AUTHORITIES

**A.     Warnecke should be dismissed from this Lawsuit.**

The facts will develop in discovery on any remaining claims, but the present facts are found on the four corners of Plaintiff's Complaint. *See supra.* Bearing that in mind, the Complaint fails to state adequate facts to include Defendant Warnecke. In paragraphs 18 and 21 of his Complaint, Plaintiff states Warnecke, the School's Assistant Principal, was one of the two people he reported student concerns to. In paragraph 75, (count IV, harassment based on the Iowa Civil Rights Act),

2

he alleges Warnecke knew or should have known students within the School District engaged in racist behavior towards Plaintiff. This gist of the entire lawsuit is that certain students engaged in racially hostile behavior towards Plaintiff and that Defendants' alleged liability results from a failure to respond, and also, from an alleged retaliatory job transfer which alleges was done by Defendant Miller (*see* para. 29).

Warnecke may be a witness, but she should not be a named defendant. She is named in Counts I, II, IV, and V. Count I is race discrimination in violation of section 1981; Count II is an equal protection theory, and counts IV and V are discrimination and retaliation under Iowa state law, chapter 216, et seq. While the tests are slightly different and will be addressed specifically herein, the collective gist of these claims is that only individuals who are involved in alleged adverse actions are proper parties for suit. On the face of this Complaint, there is no plausible liability for Warnecke.

Count I seeks liability against Warnecke under section 1981 for essentially being the Assistant Principal and present at meetings where he made reports of student misbehavior. Individuals may be sued under section 1981, unlike Title VII, but such liability is predicated on "personal involvement" with an "affirmative link to causally connect the actor with discriminatory actions." *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000) (granting summary judgment holding negligent enforcement of policies is not "personal involvement" nor an "affirmative link" for section 1981 individual liability.). While the Eighth Circuit has not directly addressed individual liability, the district courts in this circuit routinely require individuals to have personal involvement. *Benda v. Sadler Rentals, LLC*, 2023 WL 3002402, at *4 (E.D. Mo. Apr. 19, 2023) (granting a motion to dismiss against an individual for lack of pleaded facts that they personally participated in discriminatory conduct under section 1981; noting the Eighth

3

Circuit has not directly addressed the standard) (citing *Habben v. City of Fort Dodge*, 472 F. Supp. 2d 1142, 1155 (N.D. Iowa 2007); *Jones v. Forrest City Grocery, Inc.*, 2008 WL 2717738, at *5 (E.D. Ark. June 26, 2008)); *Yang v. Robert Half Intl., Inc.*, 2020 WL 5366771, at *4 (D. Minn. Sept. 8, 2020) (dismissing individual defendants on 1981 claims because Defendants lacked authority over plaintiff, noting the standard requires both authority and involvement).

Count II is an equal protection claim via section 1983. Again, "liability is for [an individual's] own misconduct." *Benson v. City of Lincoln*, 2019 WL 1766159, at * 9 (D. Neb. 2019), 2019 Fair Empl. Prac. Case 141,809 (citing *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010)) (*Benson* dismissed all individuals as not the persons alleged to have deprived plaintiff of their constitutional rights).

Continuing with the claims against Warnecke, the Iowa Civil Rights Act ("ICRA") dictates dismissal of Counts IV and V regarding her personal liability for alleged racial harassment and retaliation. Non-employer liability under the ICRA is reserved for those individuals who are (1) personally involved and (2) had the authority to effectuate adverse action against a plaintiff. *Rumsey v. Woodgrain Millwork, Inc.*, 962 N.W.2d 9, 35 (Iowa 2021"); *Vroegh v. Iowa Dept. of Corrections*, 971 N.W.2d 686, 706-707 (Iowa 2022) (holding the state of Iowa's insurer, Wellmark, was "not within the sphere of liability as a matter of law" because Wellmark's role with the employer was "insufficient to control or effectuate the [adverse action]."). In a very recent decision construing ICRA's individual liability, the Iowa Supreme Court emphasized that liability is limited, and the "focus" is on the "defendant's authority or control over the challenged employment action." *Valdez v. W. Des Moines Community Schools*, 2023 WL 4278554, at *10 (Iowa June 30, 2023); *see also Carver-Kimm v. Reynolds*, 2023 WL 4140067, at *9 (Iowa 2023)

4

(construing *Rumsey* in a tortious discharge claim to similarly require that liability follows actions and authority).

Accordingly, while each claim against Warnecke is styled differently, they each require the defendant to have played a part in the issue. Warnecke is not alleged to have done (or, not done) anything vis-à-vis Plaintiff. Plaintiff does not allege Warnecke failed to take action or that she was charged with his supervision, nor that she had the authority to take action on his alleged reports. Plaintiff does not allege that Warnecke was involved in his reassignment. Warnecke is barely mentioned in the Complaint which fails, even with notice pleading. Instead, she is a witness and should be dismissed.

### B. Punitive damages are unavailable against the District.

Plaintiff pleads punitive damages against the School District in count I (section 1981 claim) and count III (section 1983 claims). The School District, as a municipality, is immune from punitive damages. *See* Iowa Code 670.1(2) (defining "municipality" to include school districts); 670.4(1)(e) (a "municipality shall be immune from liability . . . [from] any claim for punitive damages."); 42 U.S.C. §1981a(b)(1) (punitive damages are available against defendants "other than a government, government agency or political subdivision."); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (municipalities are not liable for punitive damages under section 1983); *Bates v. Richardson*, 2019 WL 13247509, at *17 (N.D. Iowa June 27, 2019) (quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-60 (1981)) ("[a]lthough municipalities are treated as natural persons "subject to suit for a wide range of tortious activity," they are not subject to punitive damages."); *see also Schultzen v. Woodbury Cent. Cmty Sch. Dst.*, 187 F. Supp. 2d 1099, 1104 (N.D. Iowa 2002) (dismissing punitive damages under section 1983

against a school district). Accordingly, there is no legal basis to assert this species of damages against the School District and the School Districts seeks dismissal of the same.

WHEREFORE, the Defendants, Ottumwa Community School District and Dana Warnecke, pray for the relief set forth herein and for any such further relief the Court deems just and appropriate under the circumstances.

/s/ Michele L. Brott
Michele L. Brott, AT0010068
Logan Kraus, AT0013433
DENTONS DAVIS BROWN P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: michele.brott@dentons.com
Email: logan.kraus@dentons.com
ATTORNEYS FOR DEFENDANT

Copies to:

Roxanne Conlin
Devin Kelly
Roxanne Conlin & Associates, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321
Email: roxanne@roxanneconlinlaw.com
Email: dkelly@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com
ATTORNEYS FOR PLAINTIFF

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings on July 25, 2023, by:

__ U.S. Mail  __ FAX
__ Hand Delivered  __ Overnight Courier
__ Federal Express  X Other: E-filing

Signature: /s/ Michele L. Brott