IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT BENDER,<br><br>               Plaintiff,<br><br>     vs.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT; JERRY MILLER; and DANA WARNECKE,<br><br>               Defendants. | 4:23-cv-00203-SHL-HCA<br><br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING MOTION TO DISMISS** |

Plaintiff Robert Bender alleges Defendants discriminated against him based on his race and skin color. After Defendants moved to dismiss, Bender moved for leave to file a First Amended Complaint to correct the factual and legal deficiencies alleged in Defendants' Motion. (ECF 10; ECF 13.) Because the case is in its early stages and Bender's First Amended Complaint does not add new or different causes of action, Defendants will not be prejudiced by the amendment, and justice requires that leave be given. *See* Fed. R. Civ. P. 15(a)(2). Bender's Motion for Leave to Amend (ECF 13) is therefore GRANTED.

Further, to the extent Bender's amendments could be construed as asserting new claims, the Court concludes they relate back pursuant to Fed. R. Civ. P. 15(c)(1)(B). An amendment "relates back" to the date of the original Complaint when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The focus is on the "facts well pleaded, not the theory of recovery or legal conclusions, that state a cause of action and put a party on notice." *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1053 (8th Cir. 2002) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

Bender's original Complaint provided Defendant Dana Warnecke with notice of the claims against her. The Complaint alleged that Warnecke was employed as Assistant Principal at all material times (ECF 1, ¶ 11); described two allegedly racist incidents that were reported to her (id., ¶¶ 18, 21); and stated that "Warnecke knew, or should have known, of the race discrimination undertaken by [Defendant Ottumwa Community School District's] students" (id., ¶ 75). The First Amended Complaint adds that, as Assistant Principal, Warnecke had supervisory authority over

Bender and the students, which is hardly a surprise.  (ECF 13-1, ¶¶ 11, 16.) It also adds facts as to Warnecke's knowledge and involvement, which are consistent with Bender's overall theory that Warnecke was aware of but did not prevent students from, *inter alia*, directing racist comments towards him. (Id., ¶¶ 33, 42–43.) Finally, Bender withdrew his punitive damages request against Defendant Ottumwa Community School District and requested those damages against individual Defendants Warnecke and Jerry Miller instead (id., ¶¶ 58, 65, 73), which is a shift in legal theory but does not change the factual basis for his claims. This means that, since the original Complaint, Defendants have been on notice that Bender generally claimed their collective conduct was "intentional, willful, malicious, and/or done with reckless disregard" to Bender's rights. (E.g., ECF 1, ¶ 55.)

Bender attached a red-lined version of the First Amended Complaint to his Motion for Leave to Amend. Bender is directed to file a clean copy of the First Amended Complaint on the docket. Because the Court has given him leave to amend, Defendants' Motion to Dismiss (ECF 10) is DENIED AS MOOT. If Defendants wish to challenge the sufficiency of the First Amended Complaint, they may file a motion to that effect within the time permitted by the Federal Rules of Civil Procedure. Otherwise, they should file an answer by the same deadline.

IT IS SO ORDERED.

Dated: September 19, 2023

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE