IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **Robert Bender,** | Case No. 4:23-cv-203 |
| Plaintiff, | |
| vs. | **Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint** |
| **Ottumwa Community School District, Jerry Miller, and Dana Warnecke,** | |
| Defendants. | |

Defendant Ottumwa Community School District ("Ottumwa") hereby states to the Court as follows:

## INTRODUCTION

1.      This is an action under and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981, 42 U.S.C. 1983, and the Iowa Civil Rights Act, Iowa Code Chapter 216.

**Answer: In answering paragraph 1 of Plaintiff's Complaint, Defendants admit only Plaintiff is alleging actions based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, and the Iowa Civil Rights Act, Iowa Code Chapter 216. Further answering, Defendants denies it violated any of these statutes.**

2.     Under Title VII, 42 U.S.C. 1981, the Equal Protection Clause of the United States Constitution, and the Iowa Civil Rights Act, Plaintiff is protected from discriminatory practices based on his race and his skin color as well as against retaliation for opposing discriminatory conduct.

**Answer: Paragraph 2 of Plaintiff's Complaint calls for a legal conclusion to which no answer is required, and Defendants deny paragraph 2 on this basis.**

## PROCEDURAL REQUIREMENTS

3.     Plaintiff Bender filed his race and skin color discrimination complaint with the Iowa Civil Rights Commission on April 4, 2022, within the 300-day limitations period from the last discriminatory act alleged. This Complaint was cross-filed with the Equal Employment Opportunity Commission.

**Answer: In answering paragraph 3 of Plaintiff's Complaint, Defendants admit only that Plaintiff filed a race and skin color discrimination complaint with the Iowa Civil Rights Commission on April 4, 2022, and cross-filed it with the Equal Employment Opportunity Commission. Further answering, Defendants state Plaintiff's Iowa Civil Rights Commission Complaint is a written document that speaks for itself. Paragraph 3's assertion regarding Plaintiff's limitation period calls for a legal conclusion, and Defendants deny the remainder of paragraph 3 on this basis. Defendants reserve the right to assert the statute of limitations as an affirmative defense.**

4.     On March 21, 2023, less than ninety days prior to the filing of this

Complaint, the Iowa Civil Rights Commission issued a Right to Sue Letter. Plaintiff is awaiting receipt of the Equal Employment Opportunity Commission Right to Sue Letter which was requested on February 7, 2023.

**Answer: Defendants admit paragraph 4 of Plaintiff's Complaint on information and belief.**

## JURISDICTION AND VENUE

5.    This Court has jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under federal law and pendent jurisdiction of the state claims under 28 U.S.C. § 1367.

**Answer: Defendants admit paragraph 5 of Plaintiff's Complaint.**

6.    Venue in the Southern District Court in Iowa is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this claim occurred in Wapello County, Iowa.

**Answer: Defendants admit paragraph 6 of Plaintiff's Complaint.**

7.    The unlawful acts of which Plaintiff complains occurred in Wapello County, Iowa.

**Answer: In answering paragraph 7 of Plaintiff's Complaint, Defendants admit only that Plaintiff has alleged certain acts occurred in Wapello County, Iowa. Defendants deny Defendants engaged in any unlawful conduct against Plaintiff, whether in Wapello County, Iowa, or elsewhere.**

## PARTIES

8.    Plaintiff Robert Bender is an African American male, and all times material hereto, was a citizen and resident of Wapello County, Iowa.

**Answer: Defendants admits paragraph 8 of Plaintiff's Complaint on information and belief that this is how Plaintiff identifies his race and sex.**

9.    At all times material hereto, Defendant Ottumwa Community School District was a school district located in Wapello County, Iowa.

**ANSWER: Defendants admit paragraph 9 of Plaintiff's Complaint.**

10.    At all times material hereto, Defendant Miller was a citizen and resident of Wapello County, Iowa, and was employed by Defendant Ottumwa Community School District as a Principal. Defendant Miller held a supervisory position over Plaintiff.

**Answer: Defendants admit paragraph 10 of Plaintiff's Complaint and states Miller has since retired from the District.**

11.    At all times material hereto, Defendant Warnecke was a citizen and resident of Wapello County, Iowa, and was employed by Defendant Ottumwa Community School District as an Assistant Principal. Defendant Warnecke held a supervisory position over Plaintiff.

**Answer: Defendants admit, in part, paragraph 11 of Plaintiff's Complaint and states Warnecke was employed by the District but has since retired; Defendants deny that Warnecke supervised Plaintiff.**

# FACTUAL BACKGROUND

12.     Plaintiff Robert Bender is African American. He is a member of a protected class based on his race. Plaintiff's skin color is black. He is a member of a protected class based on his skin color.

**Answer: Defendants admit paragraph 12 of Plaintiff's Compliant in that this is how Plaintiff identifies his race and skin color.**

13.     Mr. Bender began working for Defendant Ottumwa Community School District on July 20, 2021, as Behavior Teacher and Junior Varsity High School Boys Basketball Coach.

**Answer: Plaintiff denies paragraph 13 of Plaintiff's Complaint, and affirmatively states Plaintiff was hired as a behavior teacher at Ottumwa Community School District on July 26, 2021, and was hired to work as a boys' basketball coach for the district on September 21, 2021. Also, Plaintiff was originally hired to work at the District on July 11, 2016, and was then released after certain information was learned about his background.**

14.     Mr. Bender continues to work for Defendant Ottumwa Community School District and has also held the position of Junior High School Girls Track Coach.

**Answer: Defendants admit that Plaintiff remains employed without any decrease in position, tenure, or salary.**

15.     Since he started working at Ottumwa Community School District, Mr. Bender has been the victim of racist abuse and harassment from students.

**Answer: Defendants deny paragraph 15 of Plaintiff's Complaint.**

16. Defendant Warnecke's job duties specifically included overseeing the conduct and discipline for students in the 6th grade. She had the direct authority to issue discipline to many of the students engaging in the race-based discrimination and harassment directed at Plaintiff.

**Answer: In answering paragraph 16 of Plaintiff's Complaint, Defendants admit only that Ms. Warnecke was assigned to oversee sixth grade level students. Defendants deny the remainder of paragraph 16.**

17. In early September 2021, Mr. Bender was first referred to by a student as a "nigger" and several of his colleagues witnessed it but did not challenge or stop the student's behavior.

**Answer: Defendants lack sufficient knowledge or information sufficient to admit or deny paragraph 17 of Plaintiff's Complaint. Defendants' records indicate Plaintiff did not report any student behavior problems to Defendants in September 2021. If the racial slur incident Plaintiff alleges in paragraph 17 occurred, Plaintiff failed to report it to Defendants.**

18. In late September 2021 into early October 2021, another student referred to Mr. Bender as a "nigger" several times and again this was witnessed by several of his colleagues.

**Answer: Paragraph 18 of Plaintiff's Petition is vague and ambiguous as to which student he is referring to, when the specific incidents allegedly occurred, and which colleagues allegedly witnessed these events. Accordingly, Defendants lack knowledge or information sufficient to admit or deny paragraph 18. Further answering, Defendants' records indicate Plaintiff did not**

**report any disciplinary issues to Defendants in September 2021.**

19.    This incident was reported to Defendants Jerry Miller and Dana Warnecke.

**Answer: Paragraph 19 of Plaintiff's Petition is vague and ambiguous as to which student or incident he is referring to. Accordingly, Defendants lack knowledge or information sufficient to admit or deny paragraph 19 of Plaintiff's Complaint.**

20.    The student involved was eventually suspended for either a half or full day.

**Answer: Paragraph 20 of Plaintiff's Petition is vague and ambiguous as to which student he is referring to or when the suspension in question allegedly occurred. Accordingly, Defendants lack knowledge or information sufficient to admit or deny paragraph 20.**

21.    From October 2021 to December 2021, Mr. Bender was referred to as a "nigger" on at least a weekly basis by different students in front of other staff, administration, and students.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 21 of Plaintiff's Complaint. Defendants affirmatively state they have no records of weekly incidents. If such instances occurred with this frequency, Plaintiff failed to report them.**

22. During this time, Mr. Bender also received sticky notes with racist messages on them. Mr. Bender again reported this conduct to Defendants Miller and Warnecke.

**Answer: In answering paragraph 22 of Plaintiff's Complaint, Defendants admit only that Plaintiff reported to Defendants Miller and Warnecke he discovered sticky notes with offensive statements on them. Defendants lack knowledge or information sufficient to admit or deny whether Plaintiff in fact received such sticky notes, the content, or whether any such sticky notes were intended for or directed toward Plaintiff.**

23. In January 2022, Mr. Bender reported the racist conduct to the Executive Director of Human Resources and Operations, David Harper.

**Answer: In answering paragraph 23 of Plaintiff's Complaint, Defendants admit only Plaintiff discussed instances of student misbehavior with David Harper in or about January 2022.**

24. Mr. Harper discussed the acts of racism with Defendant Miller, who later assured Mr. Bender that racist conduct would not be tolerated.

**Answer: In answering paragraph 24 of Plaintiff's Complaint, Defendants admit only that David Harper discussed Plaintiff's students' misconduct with Jerry Miller, and that Jerry Miller later discussed the district's student disciplinary policies and procedures with Plaintiff.**

25. Unfortunately, the lack of discipline emboldened the students, and they continued to refer to Mr. Bender as a "nigger" in front of staff and administration.

**Answer: Defendants lack knowledge or information sufficient to admit**

**or deny paragraph 25 of Plaintiff's Complaint.**

26. One student in particular has repeatedly used the racist term in reference to Mr. Bender.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 26 of Plaintiff's Complaint.**

27. The student was eventually sent to "timeout" for his use of the term, but Mr. Bender was the adult in charge of supervising the student.

**Answer: In answering paragraph 27 of Plaintiff's Complaint, Defendants admit only that a designated time-out room was available to Plaintiff as a tool to redirect student behavior. Defendants lack knowledge or information sufficient to admit or deny the remainder of paragraph 27.**

28. Throughout the duration of the timeout, the student continued to use the term directed toward Mr. Bender.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 28 of Plaintiff's Complaint.**

29. Another student started referring to Mr. Bender as a "nigger" and stated to Mr. Bender that he must be one since other students were referring to Mr. Bender using the term and were not being disciplined.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 29 of Plaintiff's Complaint.**

30. On March 9, 2022, Defendant Miller reassigned Mr. Bender from a Behavioral Teacher to an Inclusion Teacher for the next school year.

**Answer: Defendants admit paragraph 30 of Plaintiff's Complaint.**

31.     Mr. Bender was told by Defendant Miller that the reason he was being moved was because he had let a student walk out of his class.

**Answer: In answering paragraph 31 of Plaintiff's Complaint, Defendants admit that Plaintiff letting a student walk out of his class was one of the factors leading to his reassignment. Defendants deny this was the sole reason for the decision, and further deny it was the only reason Defendant Miller gave Plaintiff for the decision.**

32.     On average there are about five to ten students who walk out of teachers' classrooms a day, and Plaintiff is unaware of any other teachers getting reassigned.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 32 of Plaintiff's Complaint.**

33.     On March 22, 2022, at the bus stop a student used the term "nigger" towards Mr. Bender in front of staff and parents. This was a 6th grade student, and a referral was written to Defendant Warnecke to discipline the student, but nothing was done about it. Defendant Warnecke also did not address the situation immediately after it happened nor in the subsequent months.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 33 of Plaintiff's Complaint. Further answering, Defendants are not aware of any records indicating such an incident occurred.**

34.     On March 23, 2022, the student again used the term in front of Defendant Miller.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 34 of Plaintiff's Complaint. Further answering, Defendants have no record of any student misconduct dated March 23, 2022.**

35.   The student was not removed from class on March 23, 2022 and to Plaintiff's knowledge did not face any discipline or consequences.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 35 of Plaintiff's Complaint. Further answering, Defendants have no record of student misconduct dated March 23, 2022, and accordingly no corresponding response exists.**

36.   Other students have been more severely disciplined for behavior not relating to Mr. Bender.

**Answer: In answering paragraph 36 of Plaintiff's Complaint, Defendants admit only students at Ottumwa Community School District have been disciplined for misconduct not relating to Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 35.**

37.   A student was given a three-day suspension for slamming a door in the face of one of the assistant principals.

**Answer: Paragraph 37 of Plaintiff's Petition is vague and ambiguous as to which student Plaintiff is referring to and when or where the incident allegedly occurred. Accordingly, Defendants lack knowledge or information sufficient to admit or deny paragraph 37 of Plaintiff's Complaint.**

38.     Around the same time as the incident with the door, Mr. Bender was hit and called "nigger" by two different students, and they received no real punishment.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 38 of Plaintiff's Complaint. Further answering, Defendants are not aware of any reports from Plaintiff regarding these alleged incidents during the 2021–2022 school year.**

39.     Another student referred to a teacher as a "fat man" and was suspended for three days.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 39 of Plaintiff's Complaint.**

40.     On March 29, 2022, a student was suspended from Mr. Bender's class for cursing at Defendant Miller and other staff.

**Answer:** ██████████████████████████████

41.     The student used the terms "nigger" and "pussy".

**Answer:** ██████████████████████████████

42.     The students who used this derogatory language were primarily in the 6th and 7th grades.

**Answer: Defendants lack knowledge or information sufficient to admit or deny paragraph 39 of Plaintiff's Complaint.**

43.     Despite several school employees reporting the racists and abusive conduct to Defendant Warnecke on several occasions, she deliberately refused to take real, meaningful corrective action to address it, stop the conduct, and discipline the

offending students.

**Answer: Defendants deny paragraph 43 of Plaintiff's Complaint.**

44.   When Defendant Miller informed Mr. Bender of the incident, he told Mr. Bender that although he takes no offense to the n-word that he understood why Mr. Bender would.

**Answer: Defendants admit paragraph 44 of Plaintiff's Complaint.**

45.   Mr. Bender was given the option to move to any available positions in the school district for the 2022-2023 school year.

**Answer: In answering paragraph 45 of Plaintiff's Complaint, Defendants admit only that educators may bid for any open positions at the school district. Defendants deny Plaintiff was automatically entitled to any position he selected.**

46.   Mr. Bender applied for and was accepted for a position as a special education teacher at the high school.

**Answer: Defendants admit paragraph 46 of Plaintiff's Complaint.**

47.   Out of ten special education teachers, Mr. Bender is the only African American teacher.

**Answer: Defendants admit paragraph 47 of Plaintiff's Complaint.**

48.   On Wednesday, May 17, 2023, Mr. Bender was contacted by HR and told that his progress monitoring for one student is not in compliance.

**Answer: Defendants admit paragraph 48 of Plaintiff's Complaint.**

49.   Compared to the other nine special education teachers, Mr. Bender's reporting is on par if not more detailed.

**Answer: Defendants deny paragraph 49 of Plaintiff's Complaint.**

50.   Due to the events detailed in this complaint, Mr. Bender has suffered anxiety attacks and has been prescribed anxiety medication by his doctor.

**Answer: Defendants lack knowledge or information sufficient to admit or deny Plaintiff's subjective experiences alleged in paragraph 50 of Plaintiff's Complaint. Defendants deny they engaged in any illegal acts or omissions against Plaintiff, and further deny any act of Defendants caused any of Plaintiff's claimed damages.**

## COUNT I – VIOLATION OF 42 U.S.C. SECTION 1981 AGAINST ALL DEFENDANTS

51.   Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–50, above.

**Answer: Defendants incorporate by reference their responses to paragraphs 1–50 of Plaintiff's Complaint.**

52.   Defendants subjected Plaintiff to unwelcome conduct by enabling students to harass and humiliate him through the use of racial slurs and racially charged language.

**Answer: Defendants deny paragraph 52 of Plaintiff's Complaint.**

53.   This conduct was severe and pervasive. On a daily basis, Plaintiff was subjected to racist harassment from his students and was offered no relief from

Defendants.

**Answer: Defendants deny paragraph 53 of Plaintiff's Complaint.**

54.  Race was a motivating factor for Defendants' actions.

**Answer: Defendants deny paragraph 54 of Plaintiff's Complaint.**

55.  Plaintiff complained about the race discrimination he experienced and otherwise opposed practices made unlawful by 42 U.S.C. section 1981.

**Answer: Paragraph 55 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 55 on this basis. To the extent paragraph 55 asserts statements of fact, Defendants deny paragraph 55.**

56.  Defendants retaliated against him because of his race and because of his complaints opposing discrimination.

**Answer: Defendants deny paragraph 56 of Plaintiff's Complaint.**

57.  As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

**Answer: In answering paragraph 57 of Plaintiff's Complaint, Defendants deny they engaged in any illegal acts or omissions against Plaintiff, and further deny any act of Defendants caused any of Plaintiff's claimed damages.**

**Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 57.**

58.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's federally protected rights.

**Answer: Defendants deny paragraph 58 of Plaintiff's Complaint.**

Accordingly, Defendants request the Court dismiss Count I of Plaintiff's Complaint, for costs to be assessed against Plaintiff, and for any and all other relief the Court deems just and equitable.

## COUNT II – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION AGAINST ALL DEFENDANTS

59.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–50 above.

**Answer: Defendants incorporate by reference their responses to paragraphs 1–50 of Plaintiff's Complaint.**

60.    Defendants intentionally discriminated against Plaintiff because of his race, as set forth above.

**Answer: Defendants deny paragraph 60 of Plaintiff's Complaint.**

61.    Defendants are state actors for purposes of 42 U.S.C. 1983, and their actions, outlined above, were taken under the color of state law.

**Answer: Paragraph 61 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 61 on this**

**basis. To the extent paragraph 61 asserts statements of fact, Defendants admit only that Defendant Ottumwa Community School District is a state entity and the individual Defendants are former state employees. Defendants deny the remainder of paragraph 61.**

62.     Defendants, through their agents, servants, and employees in their official capacities, established a policy, regulation, official decision, custom, or usage of reckless or deliberate indifference to the rights of Plaintiff.

**Answer: Paragraph 62 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 62 on this basis. To the extent paragraph 62 asserts statements of fact, Defendants deny paragraph 62.**

63.     Defendants established, maintained, and enforced policies, regulations, official decisions, or usages which unconstitutionally deprived Plaintiff of his rights guaranteed by the Equal Protection Clause to the United States Constitution.

**Answer: Paragraph 63 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 63 on this basis. To the extent paragraph 63 asserts statements of fact, Defendants deny paragraph 63.**

64.     Defendants deprived Plaintiff of the rights guaranteed to him under the Equal Protection Clause of the United States Constitution in violation of 42 U.S.C. § 1983.

**Answer: Paragraph 64 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 64 on this**

**basis. To the extent paragraph 64 asserts statements of fact, Defendants deny paragraph 64.**

65.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's federally protected rights.

**Answer: Paragraph 65 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 65 on this basis. To the extent paragraph 65 asserts statements of fact, Defendants deny paragraph 65.**

Accordingly, Defendants request the Court dismiss Count II of Plaintiff's Complaint, for costs to be assessed against Plaintiff, and for any and all other relief the Court deems just and equitable.

## COUNT III – RACE AND SKIN COLOR DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST DEFENDANT DEERE & CO. [sic[1]]

66.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–50, above.

**Answer: Defendants incorporate by reference their responses to paragraphs 1–50 of Plaintiff's Complaint.**

67.     Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended,

---

1     Deere & Co. is not a party to this case, named in Plaintiff's Complaint, or otherwise referenced in or related to this matter. Defendant assumes this line was a copy/paste error on Plaintiff's part.

prohibits employers from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

**Answer: Paragraph 67 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 67 on this basis. To the extent paragraph 67 asserts statements of fact, Defendant states 42 U.S.C. § 2000e-2(a) is a written document that speaks for itself.**

68. Plaintiff experienced discrimination on the basis of his race and skin color.

**Answer: Paragraph 68 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 68 on this basis. To the extent paragraph 68 asserts statements of fact, Defendants deny paragraph 68.**

69. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

**Answer: Paragraph 69 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 69 on this basis. To the extent paragraph 69 asserts statements of fact, Defendant states 42 U.S.C. § 2000e-3(a) is a written document that speaks for itself.**

70. Plaintiff complained about race discrimination he experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Rights Act.

**Answer: Paragraph 70 of Plaintiff's Complaint calls for legal conclusions**

**to which no answer is required, and Defendants deny paragraph 70 on this basis. To the extent paragraph 70 asserts statements of fact, Defendants deny paragraph 70.**

71.    Defendants, their agents, and/or employees retaliated against him because of his race and because of his complaints opposing discrimination.

**Answer: Defendants deny paragraph 71 of Plaintiff's Complaint.**

72.    As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

**Answer: In answering paragraph 72 of Plaintiff's Complaint, Defendants deny they engaged in any illegal acts or omissions against Plaintiff, and further deny any act of Defendants caused any of Plaintiff's claimed damages. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 72.**

73.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's federally protected rights.

**Answer: Paragraph 73 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 73 on this basis. To the extent paragraph 73 asserts statements of fact, Defendants deny paragraph 73.**

Accordingly, Defendants request the Court dismiss Count III of Plaintiff's Complaint, for costs to be assessed against Plaintiff, and for any and all other relief the Court deems just and equitable.

## COUNT IV – HARASSMENT AND DISCRIMINATION ON THE BASIS OF RACE AND SKIN COLOR IN VIOLATION OF IOWA CODE CHAPTER 216.6 AGAINST ALL DEFENDANTS

74.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–50, above.

**Answer: Defendants incorporate by reference their responses to paragraphs 1–50 of Plaintiff's Complaint.**

75.    Plaintiff is an African American and his skin color is black and is a member of a protected class under the Iowa Civil Rights Act, Iowa Code Chapter 216.

**Answer: Defendants admit paragraph 75 of Plaintiff's Complaint.**

76.    Defendants discriminated against and harassed Plaintiff with respect to the terms and conditions of his employment and permitted harassment and discrimination based on race and skin color against Plaintiff in violation of Iowa Code Chapter 216, as set forth above.

**Answer: Paragraph 76 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 76 on this basis. To the extent paragraph 76 asserts statements of fact, Defendants deny paragraph 76.**

77.    The conduct was sufficiently severe or pervasive that a reasonable

person in Plaintiff's position would find the work environment to be hostile or abusive.

**Answer: Paragraph 77 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 77 on this basis. To the extent paragraph 77 asserts statements of fact, Defendants deny paragraph 77.**

78.    Defendants' conduct towards Plaintiff was unwelcome.

**Answer: Defendants deny paragraph 78 of Plaintiff's Complaint.**

79.    Defendant Ottumwa Community School District and its employees Jerry Miller and Dana Warnecke knew, or should have known, of the race discrimination undertaken by its students.

**Answer: Defendants deny paragraph 79 of Plaintiff's Complaint.**

80.    Defendants' violations of Iowa Code Chapter 216 were a cause of injuries and damages suffered by Plaintiff.

**Answer: Paragraph 80 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 80 on this basis. To the extent paragraph 80 asserts statements of fact, Defendants deny paragraph 80.**

81.    As a result of the Defendants' actions, Plaintiff has in the past and will in the future incur costs for ongoing treatment of his anxiety, as well as emotional distress, anguish, and loss of enjoyment of life.

**Answer: In answering paragraph 81 of Plaintiff's Complaint, Defendants**

**deny any act of Defendants caused any of the damages Plaintiff alleges. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 81.**

Accordingly, Defendants request the Court dismiss Count IV of Plaintiff's Complaint, for costs to be assessed against Plaintiff, and for any and all other relief the Court deems just and equitable.

### COUNT V: RETALIATION IN VIOLATION OF IOWA CODE SECTION 216.11 AGAINST ALL DEFENDANTS

82.  Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–50, above.

**Answer: Defendants incorporate by reference their responses to paragraphs 1–50 of Plaintiff's Complaint.**

83.  Plaintiff complained to Defendants about the discrimination and harassment he experienced on several occasions.

**Answer: Defendants deny paragraph 83 of Plaintiff's Complaint.**

84.  After Plaintiff Bender complained about discrimination and harassment on the basis of his race and skin color, Defendants retaliated against Plaintiff by further discriminating against him, harassing him, and subjecting Plaintiff to a hostile work environment.

**Answer: Paragraph 84 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 84 on this**

**basis. To the extent paragraph 84 asserts statements of fact, Defendants deny paragraph 84.**

85. Iowa Code Section 216.11 forbids harassment and retaliation against a person for filing a complaint regarding the discrimination he faces on the basis of his race and skin color.

**Answer: Paragraph 85 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 85 on this basis. To the extent paragraph asserts statements of fact, Defendant states Iowa Code § 216.11 is a written document that speaks for itself.**

86. Defendants' violation of Iowa Code Chapter 216 is a cause of the injuries suffered by Plaintiff.

**Answer: Paragraph 86 of Plaintiff's Complaint calls for legal conclusions to which no answer is required, and Defendants deny paragraph 86 on this basis. To the extent paragraph 86 asserts statements of fact, Defendants deny paragraph 86.**

87. As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, past and future mental and emotional harm and anguish, anxiety, fear, loss of enjoyment of life, and other damages.

**Answer: In answering paragraph 87 of Plaintiff's Complaint, Defendants deny any act of Defendants caused any of the damages Plaintiff alleges. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 87.**

Accordingly, Defendants request the Court dismiss Count V of Plaintiff's Complaint, for costs to be assessed against Plaintiff, and for any and all other relief the Court deems just and equitable.

— Affirmative defenses follow —

# AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Any action Defendants took with respect to Plaintiff was for legal reasons.

3. Defendants exercised reasonable care to prevent and correct any discriminatory, harassing, or retaliatory behavior.

4. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

5. Plaintiff's damages, if any, were caused or contributed to by his own actions over which Defendants had no control.

6. To the extent any unlawful conduct occurred, which Defendants deny, Defendants took prompt and remedial action.

7. To the extent Defendants made any decisions related to Plaintiff, they would have made the same decision notwithstanding any implicated protection.

8. To the extent Plaintiff inserts facts and claims in this litigation not raised and preserved with the Iowa Civil Rights Commission and/or the EEOC, Defendants assert they are barred from failure to preserve and comply with the administrative scheme, and would be untimely if asserted herein and/or barred for failure to exhaust administrative remedies.

9. If Plaintiff was damaged in any amount, he failed to mitigate his damages, and therefore, recovery is either barred or must be reduced proportionately.

10. No action taken by Defendants with respect to Plaintiff was done with malice or any willful, wanton, or reckless disregard for Plaintiff's rights or with the

intent of violating the laws of the state of Iowa.

11.　　To the extent that, after the imposition of any adverse employment action against Plaintiff, Defendants discovered or discovers evidence in the course of the investigation or defense of this case that Plaintiff engaged in conduct for which Defendants would have terminated Plaintiff, Plaintiff's right to recovery from the date of such discovery is barred.

12.　　To the extent that an impermissible motive was a factor in any adverse employment action against Plaintiff, which Defendants deny, Plaintiff's recovery is restricted because Defendants would have taken the same employment action against Plaintiff absent such challenged motivation.

13.　　Some or all of Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, judicial estoppel, or unclean hands.

14.　　Defendants reserve the right to assert additional defenses as Plaintiff's claims are developed during the court of this litigation.

— Signature and service follows —

/s/ Michele L. Brott
Michele L. Brott, AT0010068
Logan Kraus, AT0013433
DENTONS DAVIS BROWN P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: michele.brott@dentons.com
Email: logan.kraus@dentons.com
ATTORNEYS FOR DEFENDANT

Copies to:

Roxanne Conlin
Devin Kelly
Roxanne Conlin & Associates, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321
Email: roxanne@roxanneconlinlaw.com
dkelly@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com
ATTORNEYS FOR PLAINTIFF

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings on November 3, 2023, by:

| | |
|---|---|
| __ U.S. Mail | __ FAX |
| __ Hand Delivered | __ Overnight Courier |
| __ Federal Express | X Other: E-filing |

Signature: __/s/ Michele L. Brott_____