IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT BENDER,<br><br>            Plaintiff,<br><br>v.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, AND DANA WARNECKE,<br><br>            Defendants. | **CASE NO. 4:23-cv-00203**<br><br><br>**STATUS REPORT ON ESI** |

Counsel have conferred and submit the following status report on ESI to the Court:

*As an initial matter, Counsel for the Parties acknowledge that this case is in the very early stages of litigation. Initial Disclosures have not yet been served. As a result, reasonable modifications to this Status Report may be required as discovery proceeds.*

1.  The estimated number of custodians of electronically stored information who will be the subject of orders of retention, orders for search for information, or production.

    **P's Position: Fourteen**

    **Ds' Position: Defendants have not determined a final list of all potential custodians, but anticipates between five and ten. Defendants are amenable to working with Plaintiff on a determination of number of custodians moving forward.**

    **Joint Position:**

2.  Identification of relevant and discoverable ESI, including all methods agreed upon by the parties for identifying any initial subset sources of ESI which are most likely to contain relevant and discoverable information, as well as methodologies agreed upon for retrieving the relevant and discoverable ESI from the initial subset, and the persons or entities with possession, custody or control of such discoverable information.

    **P's Position: Initially, Plaintiff will submit a list of search terms, custodians, and dates for searching. Plaintiff will also request other forms of discoverable material**

**that is now routinely kept in ESI format, such as reports, complaints, investigation documents, etc. that traditionally were or are still kept in a paper format.**

**Ds' Position: ESI will be limited to electronic correspondence and databases that can be searched by keyword, date, sender, recipient, or subject. Traditionally paper documents held in PDF, Word, or similar format will be subject to standard discovery rules and procedures.**

**Joint Position:**

3. The agreed time frame for all searches of computers maintained by any and all parties.

   **P's Position: January 1, 2019 to present.**

   **Ds' Position: July 1, 2021 – present**

   **Joint Position:**

4. The agreed format for any computerized searches.

   **P's Position:**

   **Ds' Position:**

   **Joint Position: Plaintiff and his Counsel will search his ESI, unless it is determined a third party vendor or entity is necessary to obtain records. Defendants will utilize the individual custodians upon who the request is made in conjunction with the Defendant School District's IT support employees, agents, or independent contractors.**

5. The agreed search terms to be utilized in any computerized search, including predictive coding, key word search or use of algorithms.

   **P's Position: Initial proposed search terms: Bender, "Robert Bender," racist, the "N-word" both explicitly and in short/abbreviated format, KKK, "Ku Klux Klan," "Kool Kids Klub," "George Floyd," the "B-word" both explicitly and in short/abbreviated format, and the "F-word" both explicitly and in short/abbreviated format.  Plaintiff reserves the right to seek a search of additional terms as discovery continues.**

   **Ds' Position: Defendants have not yet determined whether or which search terms it will request Plaintiff to use during discovery. Defendants will make such requests through its requests for production of documents. Defendants acknowledge the search terms Plaintiff has proposed but reserves the right to challenge these terms depending on the extent or nature of documents returned. Defendants reserve the right to object to the search terms Plaintiff may suggest during discovery.**

**Joint Position:**

6. Whether the existence of, and retention of, ESI has been identified in the initial disclosures exchanged, or to be exchanged by the parties.

    **P's Position: It is anticipated that common forms of ESI (emails, instant messaging platforms, electronic records, text messages, Parent Square, Power School, Remind, and GroupMe, and the like) and ESI contained on Defendant School District's internal software (Power School, Clever, Schoololgy, and Amplify) exists. All such ESI should be maintained in the traditional, customary manner.**

    **Ds' Position: Defendants anticipate identifying emails and PDFs of various records in their Initial Disclosures. They may identify additional types and formats of records during the course of discovery.**

    **Joint Position:**

7. The implementation and existence of litigation holds on electronically stored information by all parties.

    **P's Position: Traditional and customary litigation holds are to be used.**

    **Ds' Position: Defendants have put their standard litigation hold in place.**

    **Joint Position:**

8. The existence, location and availability of information stored, maintained and collected in any "cloud" computing facilities or programs.

    **P's Position: Plaintiff uses iCloud to back up his cellphone. It is believed the Defendant School District uses OneDrive.**

    **Ds' Position: The Defendant School District uses Google Drive as its primary and official cloud storage service. It is possible individual employees use Microsoft OneDrive; however, the District does not recommend or promote this service.**

    **Joint Position:**

9. The extent to which social media sites will be subject to discovery, and the identity of such sites, and the person(s) who created, used, or have access to such sites.

**P's Position: Plaintiff does not intend to make such a request unless it is discovered that a defendant or person with knowledge has used social media to communicate about this case, or the underlying facts, with others.**

**Ds' Position: Plaintiff's social media accounts may be subject to discovery to the extent they contain discoverable information relevant to this case.**

**Joint Position:**

10. Should there be phased discovery, and if so, set forth the bases or reasons for a phased discovery plan.

    **P's Position:**

    **Ds' Position:**

    **Joint Position: No phased discovery needed.**

11. The use of experts or vendors regarding ESI issues.

    **P's Position: It is not anticipated that Plaintiff will need to obtain an expert or vendor regarding accessing his ESI, if requested. Should this change, Plaintiff will notify Defendants' Counsel.**

    **Ds' Position: Defendants do not anticipate the need for experts or outside vendors for ESI.**

    **Joint Position:**

12. The extent to which the parties have discussed, agreed upon, or disagreed upon methods to reduce, share or allocate costs of producing, reviewing, retrieving or storing ESI pursuant to Fed. R. Civ. P. 26(b)(2)(B).

    **P's Position:**

    **Ds' Position:**

    **Joint Position: The parties anticipate that standard requests for searches of emails, internal communication platforms, document storage devices/clouds will be made. In the event a party believes a request is substantially excessive or unproportionately costly, the parties will meet and confer in good faith to resolve the issue without court intervention.**

13. Whether there will be any requests made to any party regarding the content, address, and participants in any social media sites of any type or nature, and if so, identify the person or persons in whose name or identification such social media site or sites is listed.

**P's Position: Plaintiff does not intend to make such a request unless it is discovered that a defendant or person with knowledge has used social media to communicate about this case, or the underlying facts, with others.**

**Ds' Position: Plaintiff's social media accounts may be subject to discovery to the extent they contain discoverable information relevant to this case.**

**Joint Position:**

14. Whether the parties have agreed upon a stipulation pursuant to Fed. R. Evid. 502(e), and/or whether the parties will seek or agree on the entry of an order pursuant to Fed. R. Evid. 502(d).

**P's Position:**

**Ds' Position:**

**Joint Position:  At the parties' request, the Court entered a Stipulated Protective Order on October 31, 2023. Doc. 26.**

Respectfully Submitted,

/s/Devin C. Kelly
Roxanne Conlin, AT0001642
Devin C. Kelly, AT0011691
Tyler K. Adams, AT0014549
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
Telephone: (515) 283-1111
Facsimile: (515) 282-0477
Email: roxanne@roxanneconlinlaw.com
Email: dkelly@roxanneconlinlaw.com
Email: tadams@roxanneconlinlaw.com
cc:  dpalmer@roxanneconlinlaw.com

ATTORNEYS FOR PLAINTIFF

/s/Logan Kraus
Margaret A. Hanson, AT0011866
Logan Kraus, AT0013433
DENTONS DAVIS BROWN P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: maggie.hanson@dentons.com
Email: logan.kraus@dentons.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on December 11, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/Logan Kraus