**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| ROBERT BENDER, <br><br> Plaintiff, <br><br> v. <br><br> OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, DANA WARNECKE, LONNA KASTER, and CARLY WETTSTEIN, <br><br> Defendants. | Case No.: 4:23-cv-203-SHL-HCA <br><br><br> **DEFENDANTS' APPENDIX IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |

COME NOW Defendants Ottumwa Community School District (the "District"), Jerry Miller ("Miller"), Dana Warnecke ("Warnecke"), Lonna Kaster ("Kaster"), and Carly Wettstein ("Wettstein"), pursuant to Fed. R. Civ. P. 56 and Local Rule 56, and submit the following Appendix in Support of Their Motion for Summary Judgment:

**TABLE OF CONTENTS**

1.   Plaintiff's Ans. to Kaster and Wettstein Interrogatory Nos. 4, 8, 9 ...............DEF APP 337

2.   Deposition Exhibit 21 ...................................................................................DEF APP 343

3.   Deposition Exhibit 29 ...................................................................................DEF APP 345

4.   Deposition Exhibit 57 ...................................................................................DEF APP 349

5.   Deposition Exhibit 68 ...................................................................................DEF APP 350

/s/ Andrew T. Tice

/s/ Lindsay A. Vaught
Andrew T. Tice (AT0007968)
Lindsay A. Vaught (AT0010517)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: atice@ahlerslaw.com
**ATTORNEYS FOR DEFENDANTS**

**Served Upon.**

Roxanne Conlin
Devin Kelly
Roxanne Conlin & Associates, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
roxanne@roxanneconlinlaw.com
dkelly@roxanneconlinlaw.com
dpalmer@roxanneconlinlaw.com
**ATTORNEYS FOR PLAINTIFF**

| CERTIFICATE OF SERVICE | | | |
|---|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on:     April 10, 2026 | | | |
| By: ☐ | U.S. Mail | ☐ | Fax |
| ☐ | Hand delivery | ☐ | Private Carrier |
| ☒ | Electronically (*via CM/ECF)* | ☐ | E–mail |
| Signature:     /s/ Derek Smith | | | |

4926-8091-1264-1\13473-045



EXHIBIT
27
ak 1-16-24

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISCTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| ROBERT BENDER,<br><br>    Plaintiff,<br><br>v.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, DANA WARNECKE, LONNA KASTER, and CARLY WETTSTEIN.<br><br>    Defendants. | Case No.: 4:23-cv-203-SHL-HCA<br><br><br>**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANTS LONNA KASTER AND CARLY WETTSTEIN** |

COMES NOW Plaintiff, Robert Bender, by and through his attorneys, Roxanne Conlin & Associates, P.C., and hereby submits the following Answers to Defendants Lonna Kaster and Carly Wettstein's First Set of Interrogatories.

/s/ Devin C. Kelly
ROXANNE CONLIN AT0001642
DEVIN C. KELLY AT0011691
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
Phone: (515) 283-1111 Fax: (515) 282-0477
Email: dkelly@roxanneconlinlaw.com
            roxanne@roxanneconlinlaw.com
CC:     dpalmer@roxanneconlinlaw.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by serving each of the attorneys of record herein at their respective addresses disclosed in the pleadings on July 14, 2025, by:

☐ U.S. Mail        ☐ Fax
☐ Hand-delivered   ☒ Email
☐ Other:

*Signature: /s/ Devin C. Kelly*

Electronically served to:

Andrew T. Tice
Lindsay A. Vaught
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, IA 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: atice@ahlerslaw.com
lvaught@ahlerslaw.com

**ATTORNEYS FOR DEFENDANTS**

2

**DEF. APP. - 338**

**INTERROGATORY NO. 4:** Do you contend Lonna Kaster harassed you based on your race or skin color? If your answer is in the affirmative, describe in detail the factual basis and all relied-upon evidence for your contention, including in your answer:

a.    A description of each and every action by Lonna Kaster which you contend constitutes harassment;

b.    The date of each action by Lonna Kaster;

c.    The location of each action by Lonna Kaster;

d.    The identity of any witness(es) to each action by Lonna Kaster and a description of their knowledge of the action;

e.    The factual basis for your contention that each action by Lonna Kaster was based on your race and/or skin color;

f.    Whether you complained, formally or informally, regarding the actions of Lonna Kaster, and if so, describe the mode of the complaint, the date of the complaint, the specific allegations made, to whom the complaint was made, and the response to the complaint;

g.    Whether you contend Defendants' response to each action was inappropriate, and if so, your factual basis for such contention; and

h.    All documents reflecting the harassment or otherwise related to your answer.

**ANSWER:**

Yes, the Plaintiff believes he was harassed based on his race and skin color. This is primarily due to the disparate treatment he received as the singular black special education teacher.

Throughout the 2022-2023 and 2023-2024 school year, Lonna Kaster unfairly critiqued the Plaintiff's work performance on several occasions. On April 11, 2023, Kaster questioned him about a supposed discrepancy with one of his student's IEP's. *See* RBC 0205. On two separate occasions, students of Kaster's approached him and asked him about a pending lawsuit with the school district. On another occasion, Kaster asked Melanie Farley how the Plaintiff was gathering probe data for the 2022-2023 school year.

The Plaintiff reported this behavior to Zach Forrett, Jordan Buell, Devin Baker, and David Harper.

6

**INTERROGATORY NO. 8:** Describe in detail the factual basis and all relied-upon

evidence for your contention that Lonna Kaster retaliated against you, including in your answer

the following:

 a. A description of each and every adverse employment action you contend was retaliatory;

 b. The date of each adverse employment action;

 c. The identity of each person alleged to have taken or contributed to each adverse employment action described in paragraph (a);

 d. The identify of any witness(es) to each action by that person and a description of their knowledge of the action;

 e. The protected conduct, action or activity you engaged in which you believe each action of retaliation was in response to and the date of that protected conduct, action or activity;

 f. Whether you complained, formally or informally, regarding the instance of retaliation, and if so, describe the mode of the complaint, the date of the complaint, the specific allegations made, to whom the complaint was made, and the response to the complaint;

 g. In detail, the factual basis for your contention that the adverse employment action identified in paragraph (a) was taken because of the protected conduct, action, or activity identified in paragraph (e); and

 h. All documents reflecting the alleged protected activity or retaliation, including the alleged illegal motive, or otherwise related to your answer.

**ANSWER:**

Lonna Kaster retaliated against the Plaintiff by unfairly scrutinizing his work. This came after the Plaintiff engaged in protected activity when he complained to David Harper that he was being harassed based on his race in January of 2022, filed a complaint with the Iowa Civil Rights Commission on 04/11/2022, and a lawsuit on 06/11/2023. *See* RBC 0205; RBC 0573.

10

**INTERROGATORY NO. 9:** Describe in detail the factual basis and all relied-upon evidence for your contention that Carly Wettstein retaliated against you, including in your answer the following:

    i.     A description of each and every adverse employment action you contend was retaliatory;

    j.     The date of each adverse employment action;

    k.     The identity of each person alleged to have taken or contributed to each adverse employment action described in paragraph (a);

    l.     The identify of any witness(es) to each action by that person and a description of their knowledge of the action;

    m.     The protected conduct, action or activity you engaged in which you believe each action of retaliation was in response to and the date of that protected conduct, action or activity;

    n.     Whether you complained, formally or informally, regarding the instance of retaliation, and if so, describe the mode of the complaint, the date of the complaint, the specific allegations made, to whom the complaint was made, and the response to the complaint;

    o.     In detail, the factual basis for your contention that the adverse employment action identified in paragraph (a) was taken because of the protected conduct, action, or activity identified in paragraph (e); and

    p.     All documents reflecting the alleged protected activity or retaliation, including the alleged illegal motive, or otherwise related to your answer.

**ANSWER:**

Carly Wettstein retaliated against the Plaintiff by unfairly scrutinizing his work. This came after the Plaintiff engaged in protected activity when he complained to David Harper that he was being harassed based on his race in January of 2022, filed a complaint with the Iowa Civil Rights Commission on 04/11/2022, and a lawsuit on 06/11/2023. *See* RBC 0204; RBC 0208-0209; RBC 0586.

11

## VERIFICATION

I, Robert Bender, hereby certify that the foregoing responses to the requests for production are true and correct to the best of my knowledge and belief.

Dated: _07/10/2025_____

Robert Bender
_____
Robert Bender

12

**Board Policy Manual**
**Ottumwa Community School District**

**Regulation 503.01-R(1): Student Conduct – Student Suspension**                    Status: ADOPTED

Original Adopted Date: 04/11/2005 | Last Revised Date: 05/26/2020 | Last Reviewed Date: 05/26/2020



STUDENT SUSPENSION

Administration Action

A.  In-School Suspension

    1.  In-school suspension is the temporary removal of a student from one or more classes while under appropriate supervision.  In-school suspensions may be imposed by the principal for infractions of school rules which are serious but which do not warrant the necessity of removal from school.

    2.  The principal will conduct an investigation of the allegations against the student prior to imposition of an in-school suspension.  The investigation will include, but not be limited to, written or oral notice to the student of the allegations against the student and an opportunity to respond.  In-school suspension will not be imposed for more than ten school days.  Notice of and reasons for the in-school suspension will be communicated to the student's parents or guardians through a phone conversation or face-to-face meeting when possible.  In addition, a written statement of the notice and reasons will be documented in the student record keeping system and emailed home.  If no parent email exists, a letter will be mailed.

B.  Out-of-School Suspension

    1.  Out-of-school suspension is the removal of a student from the school environment for periods of short duration.  Out-of-school suspension is to be used when other available school resources are unable to constructively remedy student misconduct.

    2.  A student may be suspended out of school for up to five school days by a principal for a commission of gross or repeated infractions of school rules, regulations, policy or the law, or when the presence of the student will cause interference with the maintenance of the educational environment or the operation of the school.  If students are suspended for 5 or more days, a re-entry meeting will take place with a building administrator.  The principal may ask the superintendent of schools to suspend the student for an additional five school days.  The principal may suspend students after conducting an investigation of the charges against the student, giving the student oral or written notice of the allegations against the student and the opportunity to respond to those charges.  At the principal's discretion, the student may be allowed to confront witnesses against the student or present witnesses on behalf of the student.

    3.  Notice of and reasons for the out-of-school suspension will be communicated to the student's parents or guardians and the superintendent.  A reasonable effort is made to personally notify the student's parents and such effort is documented by the person making or attempting to make the contact.  In addition, a written statement of the notice and reasons will be documented in the student record keeping system and emailed home.  If no parent email exists, a letter will be mailed.

C.  Suspensions and Special Education Students

    1.  Students who have been identified as special education students may be referred for a review of the student's Individual Education Program (IEP).  The IEP may be revised to include a continuum of intervention strategies and programming to change the behavior.

    2.  Special education student suspensions of ten (10) days cumulative or less during the academic school year shall be subject to standard disciplinary procedures.  Removals for more than ten days in a row or a series of removals that constitute a pattern and result in a total of more than ten days of removal shall be considered a change of placement.  When a suspension results in a change of placement, the Individualized Education Plan (IEP) team shall conduct a Manifestation Determination to determine if the misconduct in question is a manifestation of the student's disability and if the student's current educational placement is appropriate.  The Manifestation Determination process is part of an IEP meeting.  Should the results of the Manifestation Determination indicate that the misconduct is not caused by the child's disability, the child may be excluded from school in the same manner as similarly situated non-disabled

DEF 1437

**DEF. APP. - 343**

children are excluded.

DEF 1438



EXHIBIT
29
dk 1-16-26

# IOWA CIVIL RIGHTS COMMISSION COMPLAINT FORM
515-281-4121 / 800-457-4416 / Fax: 515-242-5840 / https://icrc.iowa.gov

| | |
|---|---|
| ICRC CP# 08-24-8234 (AGENCY USE ONLY) | Iowa Civil Rights Commission |
| Local Commission# | 6200 Park Ave Ste 100 |
| EEOC# 26A-2024-01014 | Des Moines, Iowa 50321-1270 |

(PLEASE TYPE OR PRINT LEGIBLY)

### SECTION 1 • COMPLAINANT INFORMATION

Your legal name: Robert L. Bender

Your preferred name: Robert L. Bender

Your mailing address: Upper Unit 115 N. Benton St.

City: Ottumwa    State: IA    Zip Code: 52501

Telephone #: 318-272-9073    Email address: rlbender46@gmail.com

Your date of birth: 06 / 01 / 1966    Your pronouns: he / him / his

Have you previously filed this complaint with any other federal, state, or local anti-discrimination agency?    [X] Yes    [ ] No

If yes, what agency? Iowa Civil Rights Commission    When? 04/04/2022

### SECTION 2 • DISCRIMINATION INFORMATION

1. Please indicate the **AREA(S)** in which the discrimination occurred.

[X] Employment    [ ] Public Accommodation    [ ] Housing
[ ] Education    [ ] Credit    [X] Retaliation

2. Please indicate the **ACTION(S)** that the organization took against you.

**Employment**
[ ] Demotion
[ ] Denied Accommodation
[ ] Denied Benefits
[ ] Discipline
[ ] Failure to Hire
[ ] Failure to Promote
[ ] Failure to Recall
[ ] Failure to Train
[ ] Forced to Quit/Retire
[X] Harassment
[ ] Layoff
[ ] Reduced Hours
[ ] Reduced Pay
[ ] Suspension
[ ] Termination
[ ] Undesirable Assignment/Transfer

[ ] Unequal Pay

**Public Accommodation**
[ ] Denied Accommodation
[ ] Denied Service

**Housing**
[ ] Denied Accommodation or Modification
[ ] Eviction
[ ] Failure to Rent
[ ] Harassment

**Education**
[ ] Denied Accommodation
[ ] Harassment

**Credit**
[ ] Denied Accommodation
[ ] Denied Financial Services/Credit

RECEIVED    AUG 13 2024    IOWA OFFICE OF CIVIL RIGHTS

**DEF 2679**

☒ Other: _Failure to address and prevent
racial harassment._

3. Please indicate the **BASIS(ES)** or reasons for the discrimination.

   **a.** Do you believe you were discriminated against because of your race (circle one)?  (Yes)  No

     If yes, what is your race? _Black_ _____

   **b.** Do you believe you were discriminated against because of your skin color?  (Yes)  No

     If yes, what is your skin color? __Black__ _____

   **c.** Do you believe you were discriminated against because of your national origin?  Yes  (No)

     If yes, what is your national origin? __NA_____

   **d.** Do you believe you were discriminated against because of your sex?  Yes  (No)

     If yes, what is your sex? ____NA_____

   **e.** Do you believe you were discriminated against because of your sexual orientation?  Yes  (No)

     If yes, what is your sexual orientation? __NA_____

   **f.** Do you believe you were discriminated against because of your gender identity?  Yes  (No)

     If yes, what gender do you identify as? __NA_____

   **g.** Do you believe you were discriminated against because of a disability?  Yes  (No)

     If yes, what is your real or perceived disability? __NA_____

   **h.** Do you believe you were discriminated against because of your religion or creed?  Yes  (No)

     If yes, what is your religion or creed? __NA_____

   **i.** Do you believe you were discriminated against because of your pregnancy or pregnancy - related condition?  Yes  (No)

   **j.** If your complaint involves employment or credit, do you believe you were discriminated against because of your age?  Yes  (No)

     If yes, do you believe you were discriminated because you are older or because you are younger? ___NA_____

   **k.** If your complaint involves housing or credit, do you believe you were discriminated against based on your familial status?  Yes  (No)

     If yes, how many children live with you? __NA_____

   **l.** If your complaint involves credit, do you believe you were discriminated against based on your marital status?  Yes  (No)

     If yes, what is your marital status? __NA_____

   **m.** Do you believe you were retaliated against because you reported discrimination to someone within the organization, filed a complaint with the ICRC, or participated as a witness in an anti-discrimination agency proceeding?

     _Yes._ _____

RECEIVED

AUG 1 3 2024

IOWA OFFICE OF
CIVIL RIGHTS

**DEF 2680**

**DEF. APP. - 346**

If yes, what did you report or complain about, and to whom?

I submitted a previous complaint to the Iowa Civil Rights Commission on April 4, 2022. *See* CP#04-22-78155

State what happened to you as a result of your report or complaint.

Since filing my original complaint with the Iowa Civil Rights Commission, I have moved to another building in the district. The racist harassment has not stopped and has followed me to the new building.

4. What was the date (month/day/year) of the MOST RECENT discriminatory incident? (REQUIRED):

02/28/2024

5. If Employment is the Area, what is your hire date or application date? August 1, 2021

6. Are you still employed by the organization that discriminated against you? [X] Yes  [ ] No

If no, when did your employment end? NA _____ (month, day, year)

If no, how did your employment end?

[ ] Terminated     [ ] Voluntary Quit     [ ] Forced to Quit/Retire

## SECTION 3 • RESPONDENT INFORMATION

7. What is the full legal name of the organization that discriminated against you?
[This organization will be charged with discrimination and given a copy of your complaint.]

Ottumwa High School

Address: 501 E. Second Street

City: Ottumwa     County: Wapello     State: IA

Zip Code: 52501     Telephone #: ( 641 ) 682 - 6597

8. If the organization listed in #7 has a parent organization or corporate office, list it here. [This organization will also be charged with discrimination and given a copy of your complaint.]

Ottumwa Community School District

Address: 1112 N. Van Buren

City: Ottumwa     State: IA

Zip Code: 52501     Telephone #: ( 641 ) 682 - 6597

If more than two respondents, please list additional organization or individual respondents, including name, job title, and address, on an attached piece of paper. The additional organizations/individual respondents will also receive a copy of the complaint.

9. Provide the address of the location where the discrimination occurred:

Ottumwa Hight School 501 E Second Street, Ottumwa, IA 52501

10. Were you placed by a temporary firm agency at the organization that discriminated against you? [If the answer is yes and you wish to file a complaint against the temporary staffing firm, you will need to file a separate complaint form naming that firm.

RECEIVED AUG 13 2024 IOWA OFFICE OF CIVIL RIGHTS

3

DEF 2681

☐ Yes   ☒ No

11. If Employment is the Area, indicate approximate number of ALL employees (full-time and part-time) at ALL employer locations nationwide (REQUIRED):

☐ 4-14    ☐ 15-19    ☐ 20-100    ☐ 101-200    ☐ 201-500    ☒ 500+



4

DEF 2682

**DEF. APP. - 348**



**EXHIBIT**
**57**
2-18-26  CQ

From: **Carly Wettstein** <carly.wettstein@ottumwaschools.com>
Date: Tue, Feb 20, 2024 at 1:27 PM
Subject: Re: Coaching
To: Jennifer Braundmeier <jennifer.braundmeier@ottumwaschools.com>


Today's counted! I'll let you know if I find any more!

On Tue, Feb 20, 2024 at 1:11 PM Jennifer Braundmeier <jennifer.braundmeier@ottumwaschools.com> wrote:
did today's count or doing more?? :) just let me know!


**Jenny Braundmeier | Special Education Teacher**
Ottumwa High School | Ottumwa, IA 52501
641-683-4444 ext. 77252

On Tue, Feb 20, 2024 at 12:09 PM Carly Wettstein <carly.wettstein@ottumwaschools.com> wrote:
Hello,

If you are getting this email, it's because you have some IEPs that have been recently submitted and reviewed.  In order to go over these, please sign up for a coaching session.

I have met with some of you already and am scheduled to meet with some of you today but I wanted to email and let each of you know that if you do not want to meet with me, Melissa Peterson has offered to coach over writing IEPs. I've included her on this email.

Please reach out if you have any questions!


--



**Carly Wettstein | Special Education**
Ottumwa Community Schools  | Ottumwa, IA 52501


--

**Carly Wettstein | Special Education**
Ottumwa Community Schools  | Ottumwa, IA 52501


--

**CONFIDENTIAL**                                        **DEF 2794**



Sent from my iPhone

EXHIBIT
**68**
2-19-26   CQ

3

DEF - 1759

**DEF. APP. - 350**

Week of Feb 14, 2022 -| Feb 18, 2022

CC-Coaching RB (Baird) P4- 10:19-11:04
**Attendees: Bender, Baird, Woods**

Notes
- Met with Bender to offer support per Jerry Miller's request. Bender shared that he feels that doesn't have the proper knowledge/resources to serve his room and that the students that are acting up in class have no accountability. In an attempt to gain a better understanding, I asked him some guiding questions including:

  - Have you revisited your classroom expectations with your students as well as the consequences? Bender explained that "they know, I tell them all the time"
  - Have you assigned learning labs? Bender said he hadn't tried that yet and doesn't think they would stay anyhow
  - Have you called home? He said that it's very difficult to get a hold of most of the parents
  - Have you written office referrals? He has not
  - Have you considered dividing up your students who have conflicting personalities (there are several different spaces within the area he works in)? Not really given a direct answer to this question

I asked if I were to reach out to our GPAEA staff (thinking maybe Julie Thomas) and inquire about providing support that would help him (behaviors students are exhibiting, improve his knowledge base in finding ways to constructively manage and deal with his students. Also, I was thinking this may help him determine appropriate steps to take when he feels this way (solution oriented). I did not go into the specifics because Bender declined before I could and said that he is "too old" to be learning new things and that "this kind of stuff wasn't tolerated where he came from".

I reviewed the FastBridge progress monitoring with Bender and made sure he was aware of the expectation of probing students every other week

Upon following up with FastBridge. I ended up training and helping Kristine Woods get certified (an associate in the BD room) so that she could assist and help get the progress monitoring and screening complete.

Check ins continued but coaching on a regular session was discontinued after suggestions and support/training offerings were declined.

Informed Jerry Miller of the offer to support Bender along with his response

2

DEF - 1760

**DEF. APP. - 351**

## Week of Feb 14, 2022 -| Feb 18, 2022CC-Coaching RB (Baird) P4-10:19-11:04

### Attendees: Bender, Baird, Woods

Notes

- Met with Bender to offer support per Jerry Miller's request.  Bender shared that he feels that doesn't have the proper knowledge/resources to serve his room and that the students that are acting up in class have no accountability. In an attempt to  gain a better understanding, I asked him some guiding questions including:

  - Have you revisited your classroom expectations with your students as well as the consequences?  Bender explained that "they know, I tell them all the time".
  - Have you assigned learning labs? Bender said he hadn't tried that yet and doesn't think they would stay anyhow.
  - Have you called home?  He said that it's very difficult to get a hold of most of the parents.
  - Have you written office referrals? He has not.
  - Have you considered dividing up your students who have conflicting personalities (there are several different spaces within the area he works in)?  Not really given a direct answer to this question.

- I asked if I were to reach out to our GPAEA staff (thinking maybe Julie Thomas) and inquire about providing support that would help him (behaviors students are exhibiting.. improve his knowledge base in finding ways to constructively manage and deal with his students.  Also, I was thinking this may help him determine appropriate steps  to take when he feels this way (solution oriented). I did not go into the specifics because Bender declined before I could and said that he is "too old" to be learning new things and that "this kind of stuff wasn't tolerated where he came from".

- I reviewed the FastBridge progress monitoring with Bender and made sure he was aware of the expectation of probing students every other week.

- Upon following up with FastBridge, I ended up training and helping Kristine Woods get certified  (an associate in the BD room)  so that she could assist and help get the progress monitoring and screening complete.

- Check ins continued but coaching on a regular session was discontinued after suggestions and support/training offerings were declined.

  Informed Jerry Miller of the offer to support Bender along with his response.

DEF - 1761