**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| ROBERT BENDER,<br><br>     Plaintiff,<br><br>v.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE,<br><br>     Defendants. | Case No. 4:23-cv-203-SHL-HCA<br><br>**PLAINTIFF'S COMBINED MOTIONS IN LIMINE** |

COMES NOW Plaintiff, by and through Counsel, and hereby submits Plaintiff's Combined Motions in Limine for Trial Commencing September 14, 2026, and respectfully requests the Court prohibit the use or reference at the trial to the items identified below. The interest of justice and a fair trial for Plaintiff requires that the Court enter an Order in Limine, ordering that Counsel for Defendants, and all its witnesses during voir dire, opening statements, and the presentation of evidence in this case refrain from referring to or introducing evidence about the matters referred to below without first approaching the Court outside the hearing of the jury and obtaining a ruling as to whether such matters are admissible.

1. **Offers of Settlement**

   Federal Rule of Evidence 408 prohibits evidence of offers to compromise, as well as conduct or statements made in settlement negotiations.

2. **References to the Types of Damages Plaintiff is not Seeking is not Relevant and Unfairly Prejudicial**

   In the present matter, Plaintiff only seeks past and future mental and emotional harm and anguish, anxiety fear, loss of enjoyment of life, punitive damages, and interest as allowed by law.

1

Defendants may seek to refer to damages that are not sought by the Plaintiff in the present action, including, but not limited to, damages associated with past and future medical, hospital, drug, or therapy expenses or lost wages. Because any references to damages not alleged nor requested make no fact of consequence more or less likely in the present matter, such references do not satisfy the requirements of admissible relevant evidence and must be barred. Fed. R. Evid. 401; *see also Harrington v. City of Council Bluffs*, 902 F. Supp. 2d 1195, 1203 (S.D. Iowa 2012) (granting motion in limine excluding references to punitive damages when such damages were not available under the law); *Catipovic v. Turley*, 68 F. Supp. 3d 983, 999–1000 (N.D. Iowa 2014) (noting undisclosed damages may be excluded under the Federal Rules of Civil Procedure). Furthermore, allowing even passing mentions of these damages could unfairly prejudice the jury against the Plaintiff and run the substantial risk of confusing the jury on the issues pertinent to their consideration. Fed. R. Evid. 403. Therefore, any references to the types of damages not sought by Plaintiff are not relevant and unfairly prejudicial and accordingly inadmissible.

3.  **The Jury Should be Allowed to Assess Expert Witness Testimony Based Solely on the Testimony Provided at this Trial**

Defendants should be prohibited from stating or implying that Plaintiff's expert prostitutes himself for the benefit of plaintiffs or lawyers, that the expert and/or lawyer have orchestrated the entire case, is a "hired gun" or similar implication, and any reference to other cases in which the defense counsel has been involved with the same experts as are involved in the instant case.

4.  **Liability Insurance**

Evidence or testimony that any party has or had liability insurance at the time of the incident giving rise to the above-captioned litigation would be highly prejudicial. The mere

mention of liability insurance would be inflammatory, contrary to law and would likely result in a mistrial in this action. *See* Fed. R. Evid. 411; *Morrissey v. Welsh Co.*, 821 F.2d 1294, 1304–05 (8th Cir. 1987); *Doe v. Stephen,* No. 3:20-cv-00005-SHL-HCA, 2022 WL 4182197, at *1 (S.D. Iowa July 27, 2022). In addition, evidence concerning liability insurance would have no relevance to the case before the court. Fed. R. Evid. 402.

### 5.  Undisclosed Evidence

Any information, documents, writings, or other tangible items requested through the discovery process, which went undisclosed, would be unfairly prejudicial to Plaintiff and should be precluded as evidence in trial. *Doe v. Stephen,* No. 3:20-cv-00005-SHL-HCA, 2022 WL 4182197, at *4 (S.D. Iowa July 27, 2022).

### 6.  Statements on the Experience, Competence, or Quality of Any Party's Attorney

Plaintiff seeks exclusion of any comment on the experience, competence, or quality of any party's attorney. There is no purpose, other than to sway the jury, of complimenting, insulting, or otherwise discussing the qualifications, experience, or credibility of another attorney. For instance, a comment about Defendant hiring "the best attorney money can buy" would be highly prejudicial and serve no legitimate purpose. *See* Fed. R. Evid. 403. Both parties should be precluded from making any such statement or implication about the quality of representation in the presence of the jury.

### 7.  Statements Regarding the Liability or Dismissal of Defendants Who were Eliminated from the Case or Other Parties and Claims Plaintiff Voluntarily Dismissed or the Court Dismissed.

In his complaint, Plaintiff sued Ottumwa County School District, Jerry Miller, Dana Warnecke, Lonna Kaster, and Carly Wettstein. Prior to trial, Defendants Lonna Kaster and Carly Wettstein were dismissed.

3

Evidence regarding Plaintiff's choice of individual defendants and dismissal of those individual defendants does not meet the requirements of admissibility because it does not make any fact of consequence more probable. *See* Fed. R. Evid. 401. Similarly, any claims which were dismissed prior to trial have no relevant. *Id*. Furthermore, if there is any slim probative value, it is substantially outweighed by the danger of unfair prejudice, may confuse the jury, and result in a waste of time. *See* Fed. R. Evid. 403; *see also Pankey v. W. Arkansas Rock, Inc.*, No. 4:13-CV-4046, 2015 WL 1611769, at *2 (W.D. Ark. Apr. 10, 2015).

**8. Statements Regarding any Prior Job Performance Deficiencies or Issues of Plaintiff**

It is anticipated that Defendants may introduce evidence alluding to past poor or deficient job performance of Plaintiff. Any reference to or evidence of Plaintiff's employment or disciplinary history is completely irrelevant to the present action, would unfairly prejudice Plaintiff, confuse the issues, cause undue delay, and waste the time of both jurors and the Court. Plaintiff's job performance is not in issue in this case. Presenting any evidence or referring to Plaintiff's past employment performance history simply cannot meet the requirement of relevance because no consequential facts are implicated, and any potential glimmer of probative value in such evidence would be substantially outweighed by the unwieldly risk of unfair prejudice, confusion of the issues, undue delay, and the waste of time that presentation of the evidence would cause. *See* Fed. R. Evid. 403. Jurors may unjustly draw adverse inferences against the Plaintiff based on information that has no relevance to the present matter and without full knowledge of the underlying facts and law. Finally, submitting this evidence to the jury would lead to confusion of the relevant legal issues, and waste time by forcing the Plaintiff to defend his past performance with the Defendants or previous employers. *See* Fed. R. Evid. 401. Plaintiff's employment performance history has no bearing on this case. This also includes Plaintiff's ability to correctly fill out student's IEPs.

### 9. Defendants Should be Prohibited from Implying That Plaintiff's Claims do not Justify Him Right to a Jury Trial

There should not be any reference to crowded courtroom or comments – direct or indirect – that this case is the type of case that causes delays or backlogs in the court systems.

### 10. Neither Party Will Comment on Deposition Versus Live Testimony

Neither party should be permitted to comment regarding the presence of a live witness versus testimony through deposition. The jury should not be led to believe that either form of testimony is more reliable or credible than the other. Therefore, neither party should comment on the form of testimony.

### 11. Defendants Should be Prohibited from Creating Speculation About Losses Defendants may Suffer or Damages Plaintiff may Receive

Defendants should be prohibited from any mention of the effect or results of a claim, suit or judgment upon insurance rates, premiums, property and other taxes, or charges, or personal financial well-being, either generally or as particularly applied to the Defendants and the surrounding community, as a result of this lawsuit or any other lawsuit. Defendants should also be prohibited from any mention of the effect or result of a claim on Defendant Ottumwa Community School District's financial health or ability to serve the community.

Defendants should likewise be prohibited from suggesting or arguing that Plaintiff or Plaintiff's counsel are motivated or will be enriched by damages they expect to receive.

### 12. All Witnesses Should be Sequestered

Pursuant to Fed. R. Evid. 615, Plaintiff moves to sequester witnesses, other than named Defendants. "The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and to aid in detection of dishonesty." *United States v. Engelmann*, 701 F.3d 874, 877 (8th Cir. 2012) (quoting *United States v. Collins*, 340 N.W.2d 672, 680 (8th Cir.

5

2003)). With this in mind, counsel should not be able to tell a witness what other witnesses said or provide a transcript of an evidentiary deposition that has already been taken.

**13. Statements Regarding Plaintiff's Prior Charge of Indecent Behavior with a Juvenile**

Defendants should be prohibited from testifying that Plaintiff was previously charged with indecent behavior with a juvenile via communication, a charge from 2013. This charge was eventually dismissed. Defendant Ottumwa Community School District then hired and rehired Plaintiff subsequent to this charge. This information has no relevance to any issue, claim, or defense in this case. *See* Fed. R. Evid. 401. Furthermore, any such information is extremely prejudicial to Plaintiff, as the jury could use this information improperly and assume that the mere fact that the charge occurred means Plaintiff committed a severe crime with a minor. *See* Fed. R. Evid. 403. Lastly, the information, having no relevance to the case may confuse the issues, mislead the jury, cause undue delay, and waste time.

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motions in Limine and prohibit Defendants, their attorneys, and its witnesses from referencing any of the above subjects in front of the jury at any time during the trial, including voir dire, opening statements, and closing arguments.

/s/ *Devin C. Kelly*
ROXANNE CONLIN AT0001642
DEVIN C. KELLY AT0011691
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321
Phone: (515) 283-1111; Fax: (515) 282-0477
Email:    roxanne@roxanneconlinlaw.com
              dkelly@roxanneconlinlaw.com
   cc:      dpalmer@roxanneconlinlaw.com
ATTORNEYS FOR PLAINTIFF

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on August 12, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.


_/s/ Devin C. Kelly_