**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| ROBERT BENDER,<br><br>Plaintiff,<br>v.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE,<br><br>Defendants. | Case No.: 4-23-cv-203-SHL-HCA<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE** |

COMES NOW Plaintiff, by and through counsel, and for his Responses to Defendants' Omnibus Motions in Limine states the following:

1. **Defendants move in limine regarding evidence of the financial conditions of the parties.**

Plaintiff does not object to this motion so long as both sides are prohibited from introducing such evidence, argument, and comment.

2. **Defendants move in limine regarding and all "Golden Rule" arguments.**

Plaintiff does not object to this Motion in Limine so long as both sides are prohibited from introducing such evidence, argument, and comment to the extent "Golden Rule" is defined under federal law or court practice.

3. **Defendants move in limine regarding any argument or suggestion that the jury's verdict can "send a message," make a societal or community impact, or hold Defendants accountable.**

Plaintiff objects to/resists this Motion in Limine.

The Court has already ruled that the issue of punitive damages may be put before the jury. Key purposes for punitive damages are to punish bad conduct and deter the Defendants and

others ("send a message") from such conduct.. Such comments are entirely appropriate when punitive damages are at issue. Furthermore, there is nothing wrong with asking that the jury find the Defendants "accountable" for their actions. Accountable is a synonym for liable and responsible. These are all similar words, and Defendants are suggesting that Counsel cannot say words, such as accountable, that are similar to liable or responsible. "Accountable" means "subject to giving an account: Answerable : held her *accountable* for the damage." *See*, https://www.merriamwebster.com/dictionary/accountable (emphasis original). There is nothing improper about arguing that the Defendants should be accountable or responsible for any harm that was caused by their misconduct or failure to act. This Motion in Limine should be denied.

4. **Defendants move in limine regarding any evidence of settlement discussions or negotiations.**

Plaintiff does not object to this motion so long as both sides are prohibited from introducing such evidence, argument, and comment.

5. **Defendants move in limine regarding any evidence of unrelated racial harassment, including OCR Docket No. 05-21-1162[1].**

Plaintiff objects to/resists this Motion in Limine.

Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "[t]he fact is of consequence in determining the action." Fed. R. of Evid. 401. Relevant evidence is generally admissible unless it meets a few specific exclusions, not applicable to this case. *Id*. at 402.

The governing principle, established by the Eighth Circuit, is that evidence of harassment directed at persons other than the plaintiff is relevant to show the overall atmosphere of racial hostility that permeated the workplace. *Hall v. Gus Construction Co., Inc.*, 842 F.2d 1010, 1015

[1] These OCR materials are included in the docket at D0113-3, Pl.'s App. in Resist. to Defs'. Mot. for Summ J., App. 0031-0054, May 6, 2026.

(8th Cir. 1988) ("evidence of sexual harassment directed at employees other than the plaintiff is relevant to show a hostile work environment."); *E.E.O.C. v. BNSF Railway Company*, 150 F.4th 948, 965-966 (8th Cir. 2025) (reaffirming the *Hall* decision).

Defendants first move to exclude relevant evidence of the United States Department of Education – Office for Civil Rights' ("OCR") investigation into racial discrimination and harassment. Defendants' primary argument is that evidence of the investigation is not relevant. To assist this Court in deciding whether this evidence is, in fact, relevant to this case, the Court needs a complete understanding of what this evidence is. A complaint was made to the OCR that Defendant Ottumwa Community School District failed to respond appropriately to complaints that a student was subject to race-based harassment during the 2020-2021 *and 2021-2022* school years.

> The evidence shows that in [redacted content] 2020 and [redacted content] 2021 students at the School repeatedly used the N-word towards Student A, as well as other racially derogatory words and actions, including kneeling on a Gatorade bottle and referencing a phrase to mimic George Floyd's death, telling Student A to go pick cotton to belittle him in reference to slavery, and calling the KKK the "Kool Kids Klub" in a readily recognizable reference to the Ku Klux Klan. The evidence also showed that throughout the 2020-2021 and 2021-2022 school years, students continued to use the N-word frequently around Student A, in addition to other racial slurs, such as calling him "blackie" and targeting him by making monkey noises and banana peeling motions in class. In view of the context, nature, scope, frequency, and duration of the race-based harassment, OCR concludes that Student A was subjected to a racially hostile environment.

D0113-3, App. 0040.

The school at issue was Evans Middle School – the same middle school at issue in this case. D0113-3, App. 0033. The victim of the race-based harassment was a middle schooler. D0113-3, App. 0040. It was reported that the "n-word" was frequently used by students. *Id*. Superintendent Mike McGrory and then-Principal Aaron Ruff were informed in 2021 by the Iowa Department of Education that the Department had received complaints from the same student regarding race-based harassment. D0113-3, App. 0036.

Regardless of whether Defendant Jerry Miller or Dana Warnecke were *involved* in that investigation does not negate that the *school district itself* was and so was Superintendent McGrory. During the 2020-2021 school year, Defendant Jerry Miller was the *Associate*[2] Principal for Evans Middle School. Miller Depo. 16:1-25, March 6, 2026.[3] Defendant Miller testified that, at the time, then-Principal Aaron Ruff "handled" the complaint, but he was not "involved in it." Miller Depo. 96:21-97:9, P MIL Resist. App. 0002, attached hereto. That is very different from *being aware* of the complaint, which he testified he was. *Id*. This obviously makes sense as he was in the upper administration of the middle school during this time. The OCR's report noted that the Principal and an unnamed "Assistant Principal" and other unnamed "District staff" at the middle school were well aware of the race-based complaints. D0113-3, App. 0034, 0036-0037. The OCR also found that *the District* failed to take reasonable responsive action to race-based harassment and prevent its recurrence. D0113-3, App. 0040. As for Defendant Warnecke, the investigation spanned into 2021-2022 school year, when Defendant Warnecke was an Associate Principal.

Ultimately, the OCR found that the racial harassment was pervasive at the middle school and the school's response was too narrow and ineffective. D0113-3, App. 0040.

The existence of pervasive race-based harassment and misconduct during the 2020-2021 *and* 2021-2022 school years *at Evans Middle School* is directly relevant to Plaintiff's claims. It speaks directly to the school environment, what the District knew was occurring at the middle school, and how it and its administration addressed (or failed to address) the harassment. What the District, and its personnel, knew about race-based harassment at the middle school and their

[2] Sometimes referred to an "Assistant" Principal.
[3] This portion of Defendant Miller's deposition transcript is contained within D0106, Defs' Confidential App. in Supp. of their Mot. for Summ. J., DEF APP – 89, April 10, 2026.

response is a fact of consequence in determining this action and "has any tendency to make" those facts "more or less probable than it would be without the evidence." As a result, the OCR evidence is clearly relevant to this case.

Defendants then rely on the catch-all arguments of Rule 403 to argue why the OCR evidence is *substantially outweighed* by concerns of prejudice, wasting of time, and confusion of the issues for the jury. These arguments have no merit. All evidence is, by its nature, prejudicial to one side or the other. That is the nature of evidence. "[T]he purpose of all evidence is to sway the fact finder." *State v. Mitchell*, 633 N.W.2d 295, 301 (Iowa 1999) (Neuman, J., dissenting). This evidence is also not substantially outweighed by the concerns of wasting time or confusing the issues. What Defendants knew, when they knew about it, and what they did are key factual questions the jury will be asked to consider and decide. The OCR evidence goes directly to those fact questions.

Similarly, Defendants seek to exclude "unrelated" racial harassment. First, Defendants' motion must be denied as it is too generic when attempting to describe the evidence they seek to dismiss. Does it exclude evidence that others experienced race-based harassment during that same year? Does it exclude race-based harassment which the administration learned of over the course of the summer months? What about race-based harassment that occurred the prior school year? What about race-based harassment in general which was reported internally? For example, presumably, they seek to exclude the March 2022 email directed to Defendant Miller and Defendant Warnecke that racial slurs were an issue.[4] Yet this email is directly related to Evans Middle School, the school year at issue (2021-2022), and Defendants' knowledge of race-based harassment occurring.

[4] This document is found in D0115, Pl.'s Confidential App. in Resist. to Defs.' Mot. for Summ. J., Pl. App. 0100, 05/07/2026.

Without more specificity as to the evidence sought to be excluded, this motion in limine is too vague, allowing for misinterpretation by either side or the Court. As already noted, evidence of harassment directed at persons other than the plaintiff is relevant. In the event a party references race-based harassment that the other side finds objectionable, the Parties, and the Court, can address that specific piece of information in the moment and in its full context out of hearing of the jury. This Motion in Limine should be denied.

**6. Defendants move in limine regarding evidence of discussions concerning books or curriculum containing racial language.**

Plaintiff objects to/resists this Motion in Limine.

Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "[t]he fact is of consequence in determining the action." Fed. R. of Evid. 401. Relevant evidence is generally admissible unless it meets a few specific exclusions, not applicable to this case. *Id*. at 402.

Plaintiff has no intention of litigating whether certain books are appropriate or inappropriate for middle school students. However, concerns were raised about certain books that contain the "n-word" being assigned *and the impact* of that word on students. This is certainly relevant to whether or not Defendants new the "n-word" was racist, whether they knew or should have known it would or could have an impact on the hearer/listening, and that the issue of race (specifically, the "n-word") was a relevant topic in the middle school. Any Rule 403 concerns can be raised if Defense Counsel believes the testimony on the issues strays away from these relevant uses of this evidence and becomes an inquiry into curriculum decisions, educational policy, and the like.

This Motion in Limine should be denied.

Respectfully Submitted,

/s/ *Devin C. Kelly*
ROXANNE CONLIN AT0001642
DEVIN C. KELLY AT0011691
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321
Phone: (515) 283-1111; Fax: (515) 282-0477
Email: roxanne@roxanneconlinlaw.com
dkelly@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on August 18, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

_/s/ *Devin C. Kelly*