IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT BENDER,<br><br>Plaintiff,<br><br>v.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE<br><br>Defendants. | Case No.: 4:23-cv-203-SHL-HCA<br><br>**RESISTANCE TO PLAINTIFF'S MOTION IN LIMINE** |

COME NOW Defendants Ottumwa Community School District (the "District"), Jerry Miller ("Miller"), and Dana Warnecke ("Warnecke"), and for their resistance to Plaintiff Robert Bender's Motion in Limine states:

1. **Offer of Settlement**

Defendants do not object to the exclusion of offers to settlement from evidence.

2. **References to the Types of Damages Plaintiff is not Seeking**

Defendants object to this Motion in Limine. Plaintiff's motion is to preclude "any references to the types of damages not sought by Plaintiff," including "damages associated with past and future medical, hospital, drug, or therapy expenses or lost wages," claiming such evidence would not be relevant and would unfairly prejudice the jury against Plaintiff or confuse the jury. But Plaintiff has claimed these same damages in this lawsuit, these claims would be relevant to the remaining claim of emotional distress, and there is no unfair prejudice or risk of confusion.

Plaintiff's Second Amended Complaint alleged an entitlement to damages, including "medical expenses, past and future lost wages, past and future lost benefits, future earnings, and

other emoluments of employment." *See* Doc. 79, Para. 71, 86. Defendants pursued discovery upon these claims and, on August 19, 2024, Plaintiff indicated he was "currently calculating the costs of medical care and other compensatory damages". *See* APP- 2. Approximately 1½ years later, on March 30, 2026, Plaintiff supplemented his discovery response to state he did "not intend to seek economic damages associated with lost income or earning capacity" but Plaintiff's "economic damages associated with mental health and associated treatment remains on-going." *See* APP- 9.

Plaintiff's representations in this case as to his ongoing assessments of damages - that have extended beyond his current emotional distress claim – are properly the subject of examination and evidence. This subject would be relevant under Fed. R. Evid. 403 as it pertains to claims that have been pled and requests for relief made in the case-at-bar. The fact that Plaintiff has been pursuing additional types of damages that have now been dismissed is pertinent to his credibility. Even more, if the subject of medical expenses and lost wages were not independently relevant as damages claims Plaintiff has pursued in this case, these subjects would still be relevant as being impactful upon Plaintiff's remaining emotional distress claim. The presence or absence of lost income and/or medical treatment would be relevant to the jury's assessment of Plaintiff's emotional distress claim including the nature, extent, and causality of Plaintiff's alleged emotional distress. The fact that Plaintiff has now decided not to pursue monetary recovery for lost income and/or medical treatment expenses does not make all underlying facts concerning medical treatment, medical expenses, or wages irrelevant to the remaining emotional distress claim.

Nor would "passing mentions" or other evidence upon these subjects be unfairly prejudicial to Plaintiff or risk confusion of the jury. There is no risk of confusion as these subjects can and would be expected to be explained to the jury with the court's jury instructions and verdict form.

Counsel may also present argument to the jury to address what aspects of damages are and are not being claimed in this case.

There is no prejudice to Plaintiff. Quite to the contrary, it is Defendants that would be unfairly prejudiced if they were precluded from presenting evidence upon damage claims Plaintiff has pled and pursued over the past several years.

Plaintiff's cited authorities are inapposite. In *Harrington v. City of Council Bluffs*, the Court granted a motion in limine made by the defendants to exclude evidence referring to punitive damages because punitive damages were not available against the City. 902 F.Supp.2d 1195, 1203 (S.D. Iowa 2012). In *Catipovic v. Turley*, the Court considered a potential sanction to exclude evidence of undisclosed damages due to a plaintiff's failure to disclose damages in discovery. 68 F.Supp.3d 983, 999-1000 (N.D. Iowa 2014). Neither the *Harrington* nor *Catipovic* case supports Plaintiff's effort to offensively preclude the Defendants from eliciting evidence of Plaintiff's lack of economic damages here.

3. **Expert Witness**

Defendants object to this Motion in Limine. Plaintiff's caption for this motion innocuously suggests the jury should be able to assess expert testimony based solely upon testimony provided at trial, but a review of the contents of Plaintiff's motion shows the request of the Court is actually far more expansive and cumbersome in application. In actuality, Plaintiff seeks an order prohibiting *statements or implications* "that Plaintiff's expert prostitutes himself for the benefit of plaintiffs or lawyers, that the expert and/or lawyer have orchestrated the entire case, is a 'hired gun' or similar implication, and any reference to other cases in which the defense counsel has been involved with the same experts as are involved in the instant case." As such, this request strays far beyond its title in broadly seeking to muzzle Defendants from offering nearly any commentary

upon the involvement of Plaintiff's expert or Plaintiff's counsel in this case. There is no merit to this argument.

If the Court were to allow Plaintiff to present evidence from his expert, then Defendants would be able to legitimately explore areas of the expert's bias, compensation, frequency of expert testimony, proportionality of his work, relationship with Plaintiff's counsel, and other matters bearing upon credibility. *See United States v. Mullins*, 446 F.3d 750, 762 (8th Cir. 2006) (allowing counsel "to point out potential biases of the defense expert"); *see also DiCarlo v. Keller Ladder, Inc.*, 211 F.3d 465, 468 (8th Cir. 2000)("[d]etermining the credibility of a witness is the jury's province, whether the witness is lay or expert"). Fed. R. Evid 611(b) expressly permits examination upon "matters affecting the witness's credibility."

While Defendants have no intention of using such inflammatory rhetoric as "prostituting himself," Plaintiff's motion improperly goes much further in seeking to preclude legitimate examination and argument. Notably, Plaintiff fails to cite any authority to support this unwieldy and improper request.

4. **Liability Insurance**

Defendants do not object to the exclusion of evidence or testimony of liability insurance.

5. **Undisclosed Evidence**

Defendants object to this Motion in Limine. Plaintiff relies upon the Court's ruling in *Doe v. Stephen*, 2022 WL 4182197 (S.D. Iowa 2022), to seek the exclusion of "[a]ny information, documents, writings, or other tangible items" not disclosed during discovery. However, the *Doe* ruling applied only to the offering of "documents, materials, or exhibits" during the parties' cases in chief. *Doe* did not involve "any information" or preclude the use of undisclosed exhibits during rebuttal. Defendants resist Plaintiff's motion to the extent it exceeds the scope of the *Doe* ruling

by seeking the exclusion of "information" and to the extent it would prevent the presentation of evidence during rebuttal.

6. **Statements on the Experience, Competence, or Quality of Any Party's Attorney**

Defendants do not object to the exclusion of statements regarding the experience, competence, or quality of any party's attorney.

**7. Statements Regarding the Liability or Dismissal of Defendants Who were Eliminated from the Case or Other Parties and Claims Plaintiff Voluntarily Dismissed or the Court Dismissed.**

Defendants object to this Motion in Limine. Plaintiff seeks to exclude evidence regarding "Plaintiff's choice of individual defendants and dismissal of those individual defendants" as well as "any claims which were dismissed prior to trial," claiming these matters would be irrelevant or have "slim probative value" that would be outweighed by unfair prejudice, confusion of the jury, and a waste of time. Defendants disagree.

Plaintiff's motion relies upon a ruling from *Pankey v. W. Arkansas Rock, Inc.*, 2015 WL 1611769 (W.D. Ark. 2015). The *Pankey* case involved a dispute over a mining lease where "[m]any claims and defendants [had] been previously dismissed," which the plaintiff argued would likely cause confusion if presented to the jury. *Id*. at *2. Those circumstances have no applicability here as the case-at-bar does not involve a contract dispute and it is not "many claims and defendants that have been dismissed." Furthermore, there is no risk in the case-at-bar that the jury would be confused between Plaintiff's existing claim of alleged harassment at Evans Middle School in 2021-2022 and Plaintiff's dismissed claims based upon conduct at Ottumwa High School in later years. The *Pankey* ruling is not applicable here.

Here, Plaintiff is seeking $3.0 Million for past and future emotional distress related to conduct at Evans Middle School in 2021-2022. *See* APP- 9. Plaintiff's claims of past and future

emotional distress covers the time from the alleged illegal conduct in 2021-2022 through and beyond the time of trial (continuing through Plaintiff's life expectancy). *Id*. During this same time period, Plaintiff has alleged separate and distinct emotional distress from acts of alleged discrimination, harassment, and retaliation at Ottumwa High School where he continues to work through present date. Whether or not Plaintiff's claimed emotional distress was caused by conduct at Evans Middle School in 2021-2022 that remains part of this case OR alternatively from separate unrelated conduct at Ottumwa High School is undoubtedly relevant to the jury's consideration of causally-related damages, if any, in this case. The fact that Plaintiff has asserted separate claims against the Ottumwa Community School District and others alleging emotional distress from other events during the same time period he is claiming emotional distress from the events of this case is relevant and probative of the causality, nature, and extent of Plaintiff's claimed damages.

Furthermore, Plaintiff has failed to show (or even argue) how he would be unfairly prejudiced by the presentation of evidence of his own prior claims in this case. Nor would there be a significant risk of confusion as Plaintiff's claims based upon conduct at Evans Middle School and Ottumwa High School are distinct and different, which would be readily understandable to the jury. Finally, it is hardly a "waste of time" to address the causal-connection and nature and extent of Plaintiff's claimed emotional distress damages in the existence of a separate claim for which Plaintiff has attributed emotional distress over the course of this case.

8. **Statements Regarding any Prior Job Performance Deficiencies or Issues of Plaintiff**

Defendants object to this Motion in Limine. Plaintiff broadly seeks to exclude evidence "alluding to past poor or deficient job performance" and "[a]ny reference to or evidence of Plaintiff's employment or disciplinary history" as irrelevant, unfairly prejudicial, confusing the

issues, causing undue delay, and wasting time. Plaintiff does not cite to any precedent to support these requests. There is no merit to this vastly over broad motion in limine.

Contrary to Plaintiff's contentions, Plaintiff's employment performance is directly relevant to his claim that students in his behavioral disorders classroom were acting out by using the N-word. Plaintiff has admitted it was his job to manage the classroom. *See* APP- 12-13. He has also acknowledged that children in special education have individualized education plans ("IEP") that require the use of positive behavioral interventions for children with behavior disorders. *See* APP-14. Defendants anticipate significant testimony from a number of witnesses that will rightfully address Plaintiff's job performance as it entailed numerous interactions with his students (the alleged "harassers") during the same time period in which Plaintiff claims he was being harassed by these students. These interactions and associated events are undoubtedly relevant to the asserted claims. Plaintiff cannot put at issue his workplace interactions with students and administrators to support a harassment claim while precluding the presentation of any evidence of his own job performance involving these same persons.

Furthermore, as an example of evidence upon the subject of Plaintiff's job performance, Plaintiff is well-aware that Defendant Miller met with Plaintiff in November 2021 – during the period Plaintiff claims to have been harassed – to address Plaintiff's conduct and performance concerns Miller had received from Associates working in Plaintiff's classroom. *See* APP- 15-32. The concerns regarding Plaintiff's performance included inappropriate comments to students, improper treatment of students, improper instructions to Associates, limiting Associates from providing assistance, failure to utilize de-escalation tactics, lack of instruction upon social skills, and failing to utilize back rooms for students. *Id*. These subjects, amongst others, would all be highly relevant and probative to Plaintiff's involvement with the supposed harassment by his

students as well as Plaintiff's claim that Defendants did not provide sufficient response. There is, in fact, a direct question of causation as to whether the harassment and emotional distress Plaintiff alleges was the result of Defendants' alleged failure to appropriately respond or the result of Plaintiff's own conduct. This evidence must be allowed due to its highly probative value.

Evidence of Plaintiff's job performance would be relevant as Plaintiff is expected to portray himself as an effective teacher whose only difficulties arose from his students' conduct and administrators' alleged failure to provide sufficient response. Amongst other things, the evidence of Plaintiff's job performance would bear upon how the subject students, teachers, associates, and administrators interacted with Plaintiff. Furthermore, Defendants intend to present evidence of their responses to Plaintiff's report of student misconduct which included, amongst other things, assistance in classroom techniques that is a component of Plaintiff's job performance. Plaintiff's failure to employ these techniques would be evidence of poor or deficient job performance. This evidence is highly probative of the asserted claims and must be allowed.

Plaintiff's claims of prejudice, confusion of the issues, undue delay, and waste of time are unsupported in his motion and have no merit.

9. **Implying That Plaintiff's Claims do not Justify Him Right to a Jury Trial**

Defendants do not object to the exclusion of reference to this type of case causing delays or backlogs in court systems.

10. **Commentary on Deposition Versus Live Testimony**

Defendants do not object to the exclusion of comment regarding live or deposition testimony being more reliable or credible than the alternative. That said, the parties should be able to refer to whether testimony is being offered live or via deposition. As such, Defendants object to Plaintiff's categorical prohibition upon "any" comment.

11. **Speculation About Losses Defendants may Suffer or Damages Plaintiff may Receive**

Defendants object to this Motion in Limine. Plaintiff's caption differs from what is sought in the body of Plaintiff's motion. While the caption seeks to prohibit "[c]reating speculation about losses Defendants may Suffer or Damages Plaintiff may Receive", the body of Plaintiff's motion would preclude Defendants from "any mention of the effect or results of a claim, suit or judgment…as a result of this lawsuit or any other lawsuit" as well as "from suggesting or arguing that Plaintiff or Plaintiff's counsel are motivated or will be enriched by damages they expect to receive." Plaintiff fails to cite to any supportive legal authority.

The Court must deny Plaintiff's motion with respect to "[d]amages Plaintiff may receive," the motivations of Plaintiff or Plaintiff's counsel, and enrichment by damages. These are all proper subjects of examination, evidence, and argument as they bear directly upon Plaintiff's claim that he has suffered emotional distress and now seeks monetary compensation for that distress. Plaintiff's motivations in seeking compensation bears directly upon the credibility of his allegations. Fed. R. Evid 611(b) allows examination upon all "matters affecting the witness's credibility."

Indeed, it would seem that Plaintiff's motion seeks to bar the Defendants from presenting any evidence that may address or rebut Plaintiff's only claim for damages. This evidence would be highly probative and relevant to Plaintiff's claim in this lawsuit. It would be highly prejudicial to Defendants to bar evidence or argument upon these subjects.

12. **All Witnesses Should be Sequestered**

Defendants do not object to the sequestration of non-parties during trial.

13. **Statements Regarding Plaintiff's Prior Charge of Indecent Behavior with a Juvenile**

Defendants do not intend to offer evidence of the previous charge against Plaintiff for indecent behavior with a juvenile. However, it is possible that Plaintiff would "open the door" to the presentation of such evidence during trial. For example, if Plaintiff were to present evidence or argue he had never been accused of misconduct with students or had never before experienced stressors from working with students, then Defendants believe evidence of the prior indecent behavior charge would be admissible. As such, Defendants oppose a ruling so broad that it would prevent use of this evidence for impeachment, rebuttal, or other admissible purpose if Plaintiff were to "open the door".

/s/ Andrew T. Tice

/s/ Lindsay A. Vaught

Andrew T. Tice (AT0007968)
Lindsay A. Vaught (AT0010517)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: atice@ahlerslaw.com
**ATTORNEYS FOR DEFENDANTS**

Electronically filed and served:

Roxanne Conlin
Devin Kelly
Roxanne Conlin & Associates, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
roxanne@roxanneconlinlaw.com
dkelly@roxanneconlinlaw.com
dpalmer@roxanneconlinlaw.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

**The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on** *August 24, 2026*

**By** ☐ **U.S. Mail** ☐ **Fax**

☐ **Hand Delivery** ☐ **Overnight Carrier**

☒ **Electronically through CM-ECF** ☐ **E-mail**

☐ **Electronically through Efile**

**Signature** */s/Derek Smith*

4934-3355-4890-1\13473-045