**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| ROBERT BENDER,<br><br>Plaintiff,<br><br>v.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE<br><br>Defendants. | Case No.: 4:23-cv-203-SHL-HCA<br><br>**DEFENDANTS' TRIAL BRIEF** |

COME NOW Defendants Ottumwa Community School District (the "District"), Jerry Miller ("Miller"), and Dana Warnecke ("Warnecke"), pursuant to the Court Order Regarding Final Pretrial Conference Requirements (ECF No. 38) and submit the following Trial Brief.

## INTRODUCTION

Following the Court's Order on Summary Judgment (ECF No. 122), Plaintiff's only remaining claims are based on student-on-teacher racial harassment. The Court dismissed with prejudice Count II (Equal Protection claim under 42 U.S.C. 1983) and Count V (Retaliation under the ICRA) in their entirety, and the potions of Count III (Discrimination and Retaliation under Title VII) and Count IV (Harassment and Discrimination under the ICRA) alleging non-harassment theories. (ECF 122, p. 21).

Defendants believe the factual background of the case and application of those facts to the legal framework have been adequately briefed by Defendants in connection with their Motion for Summary Judgment. However, this Trial Brief will address certain legal issues regarding damages and evidence likely to arise during trial.

**A. Plaintiff Cannot Recover Damages under Section 1981**

Count I of Plaintiff's Second Amended Complaint asserts a direct claim under 42 U.S.C. § 1981 against Defendants. That claim cannot support an award of damages because Defendants are state actors. *See Jett v. Dallas Ind. Sch. Dist*., 491 U.S. 701, 731 (1989) (holding damages actions are not available under § 1981 against state actors); *Dossett v. First State Bank*, 399 F.3d 940, 948-49 (8th Cir. 2005) (explaining school official are state actors and act under color of law when acting in the performance of official duties).[1] The Eighth Circuit has "repeatedly recognized the prohibition of freestanding § 1981 claims against state actors." *Onyiah v. St. Cloud State Uni.*, 5 F.4th 926, 929-30 (8th Cir. 2021); *see also Williams v. Hawkeye Comm. College*, 494 F.Supp.2d 1032, 1037 (N.D. Iowa 2007) (dismissing count alleging violation of 42 U.S.C. § 1981 "because § 1983 'provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.'" (quoting *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S. 701, 735 (1989)).

Therefore, Plaintiff cannot recover damages against Defendants under § 1981 (Count I).

**B. Punitive Damages Should Not Be Submitted to the Jury**

Plaintiff is pursuing punitive damages against Defendants Miller and Warnecke under Count I brought under 42 U.S.C. § 1981. As addressed above, damages—including punitive damages—are not available to Plaintiff under § 1981 because Defendants are state actors.[2]

---

[1] Plaintiff does not dispute Defendants are state actors. In Plaintiff's Second Amended Complaint, Plaintiff alleged, "Defendants are state actors for purposes of 42 U.S.C. 1983, and their actions, outlined above, were taken under the color of sate law." (ECF No. 79, at ¶ 75).

[2] Punitive damages are not available under the Iowa Civil Rights Act. *Ackelson v. Manley Toy Direct, LLC*, 832 N.W.2d 678, 689 (Iowa 2013). Punitive damages are also not available to Plaintiff under Title VII because the District is a political subdivision, and because no individual liability is available under Title VII. 42 U.S.C. 1981a(b)(1) ("[a] complaining party may recover punitive damages under this section against a respondent (**other than a government, government agency or political subdivision**) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.") (emphasis added); *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) ("[I]ndividual employees are not personally liable under Title VII.")

Additionally, even if Plaintiff could recover damages against state actors under § 1981, the evidence does not support punitive damages. Punitive damages are only available where a defendant discriminates "with malice or with reckless indifference" to the federally protected rights of the plaintiff, and requires the plaintiff to show "more than intentional discrimination to recover punitive damages." *Browning v. President Riverboat Casino-Missouri, Inc.*, 139 F.3d 631, 636-37 (8th Cir. 1998) (citing *Karcher v. Emerson Elec. Co.*, 94 F.3d 502, 509 (8th Cir. 1996)).

On summary judgment, even when viewing the facts in the light most favorable to Plaintiff, the Court found "the record shows that Defendants appear to have had a sincere desire to help Bender when they coached and trained him on better de-escalation techniques." (ECF No. 122, p. 20). A sincere desire to help cannot reasonably support a finding that Miller or Warnecke acted with the requisite culpability required to support punitive damages. The evidence at trial will establish many sincere efforts by Defendants to remediate the student behavior occurring in Plaintiff's classroom.

As such, punitive damages are not available to Plaintiff under any remaining theory, and the evidence will not support submission of punitive damages to the jury. Therefore, the jury should not be instructed on punitive damages, the verdict form should not include punitive damages, and Plaintiff should not be permitted to argue or suggest to the jury that an award of damages can serve the purpose of punishing defendants or deter future conduct by Defendants or others.

**C. Compensatory Damages**

Plaintiff cannot recover damages under his direct § 1981 claim for the reasons set forth above. His federal recovery therefore arises, if at all, under Title VII. Title VII limits compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses" according to the size of the employer. 42

U.S.C. § 1981a(b)(3). The maximum recovery of such damages is $300,000 for employers with more than 500 employees. 42 U.S.C. § 1981a(b)(3)(D).

Plaintiff's only asserted basis for recovering emotional-distress damages exceeding Title VII's statutory limitation is therefore the Iowa Civil Rights Act. No Iowa appellate court, however, has recognized an ICRA hostile-work-environment claim premised on harassment perpetrated by nonemployee third parties. Defendants recognize that the Court predicted at summary judgment that the Iowa Supreme Court would recognize such a claim. (ECF No. 122, p. 13). Defendants respectfully preserve their position that the ICRA does not provide a cause of action under these circumstances and, consequently, does not provide a basis for an uncapped award of emotional-distress damages.

**D. Confidential Student Information**

Defendants anticipate that testimony and evidence at trial will concern minor students who were enrolled in Plaintiff's special education classroom during the 2021–2022 school year. The evidence may include information regarding individual students' disabilities, individualized education programs ("IEPs"), behavioral histories, disciplinary records, and other information contained in or derived from confidential student education records.

The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, protects the confidentiality of personally identifiable information contained in student education records. Although FERPA does not create an evidentiary privilege that categorically prohibits testimony concerning students, the privacy interests of the minor students—none of whom are parties to this litigation—warrant reasonable measures to prevent unnecessary public disclosure of their identities and confidential educational information.

The students' identities are not material to the issues the jury must decide. Defendants therefore request that the parties and witnesses refer to the minor students at trial by agreed-upon

pseudonyms or other nonidentifying designations, rather than by their full names. Defendants further request that exhibits containing personally identifiable student information be appropriately redacted before being displayed to the jury or admitted into evidence, except to the extent the Court determines that particular identifying information is necessary to the presentation of the evidence. Defendants request that the parties confer with the Court at the final pretrial conference regarding these and any other reasonable measures necessary to protect the students' privacy while permitting the parties to present relevant evidence.

**E. Evidence of Unrelated Incidents at Evans Middle School**

Defendants anticipate Plaintiff will attempt to introduce evidence concerning the use of racial language at Evans Middle School in circumstances having no connection to Plaintiff or the students in his behavioral disorder classroom. For example, Plaintiff's proposed exhibits include a number of emails containing statements relaying things different students allegedly said or did on different occasions. Many of these exhibits contain inadmissible hearsay and should not be admitted into evidence.

The fact that this case involves racial harassment does not make every reference to racial language at Evans relevant or admissible. At minimum, the conduct must reasonably be part of Plaintiff's work environment to be relevant. *See Cottrill v. MFA, Inc.*, 443 F.3d 629, 636 (8th Cir. 2006) ("A Title VII plaintiff may only rely on evidence relating to harassment of which [he] was aware during the time that [he] was allegedly subject to a hostile work environment.") (quotation omitted); *White v. State*, 5 N.W.3d 315, 325 (Iowa 2024) ("me-too evidence about which the plaintiff is unaware cannot be used to prove [he] experienced severe or pervasive harassment") (collecting cases). To the extent Plaintiff intends to argue the entirety of Evans Middle School

made up his work environment, that will be inconsistent with Plaintiff's deposition testimony in which he emphasized not leaving his classroom, including testifying:

> All they wanted me to do was keep the kids in the classroom. . . . They just wanted to keep the kids in the classroom and just baby-sit them in the classroom. "Don't let them leave out of the room. Keep them down in the basement. Hold them in the basement. Just baby-sit them."

Pl. Dep. 212:25 – 213:8. Incidents involving other students, other teachers, and other classrooms, cannot establish Plaintiff's work environment, particularly in the absence of evidence that Plaintiff knew about those incidents at the time he was employed at Evans.

Nor does the mere fact that Miller, Warnecke, or some other District employee received a communication containing a reference to racial language make the communication relevant to Defendants' notice of the harassment alleged in this case. The relevant notice inquiry concerns whether Defendants knew or should have known about the racial language directed at Plaintiff by his students with behavior disorders and whether Defendants responded appropriately to the behavior of those special needs students.

To the extent Plaintiff seeks to argue that racial language was a generalized problem at Evans Middle School and the District was not addressing it, he should not be permitted to do so for several reasons. First, this case is not a "pattern and practice" discrimination case, but involves discrete claims and incidents. *See E.E.O.C. v. CRST Van Expedited, Inc.*, 611 F. Supp. 2d 918, 931 (N.D. Iowa 2009) (explaining the burdens of proof in a "pattern or practice" discrimination action, starting with an initial burden to prove unlawful discrimination is a "regular procedure or policy followed by an employer" before assessing individual claimants). Plaintiff did not plead, and has not pursued a "pattern or practice" claim in this litigation. Second, the purpose of such evidence could only be to establish propensity, which is prohibited under Rule 404. The purpose of Rule 404's prohibition on character evidence is to avoid distraction and prevent a plaintiff from

implying a defendant acted in a certain way in a certain scenario based on overall character traits. Fed. R. Evid. 404(a)(1) (advisory committee's note) ("[Character evidence] tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."). Third, such evidence does not meet the Rule 403 balancing test because there is minimal, if any, probative value while the risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time is substantial.

Plaintiff should not be permitted to turn the trial into a referendum on unrelated racial incidents. Instead, the trial should remain focused on the environment Plaintiff actually experienced and Defendants' response to the student conduct at issue in this case.

**F. Witness Sequestration**

Defendants request that any witness who may be called at trial, aside from Plaintiff and Defendants, be sequestered from the courtroom until their testimony is complete and they will not be re-called.

Respectfully submitted,

/s/ Andrew T. Tice

/s/ Lindsay A. Vaught

Andrew T. Tice (AT0007968)
Lindsay A. Vaught (AT0010517)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: atice@ahlerslaw.com
lvaught@ahlerslaw.com
**ATTORNEYS FOR DEFENDANTS**

**Served Upon.**

Roxanne Conlin
Devin Kelly
Roxanne Conlin & Associates, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
roxanne@roxanneconlinlaw.com
dkelly@roxanneconlinlaw.com
dpalmer@roxanneconlinlaw.com
**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: August 24, 2026

By: ☐ U.S. Mail ☐ Fax
☐ Hand delivery ☐ Private Carrier
☒ Electronically (*via CM/ECF)* ☐ E–mail

Signature: */s/ Anne Stokely*

4899-9710-7399-1\13473-045