IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT BENDER,<br><br>Plaintiff,<br><br>v.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE<br><br>Defendants. | Case No.: 4:23-cv-203-SHL-HCA<br><br>**DEFENDANTS' RESISTANCE TO PLAINTIFF'S MOTION TO RECONSIDER EXCLUDING DR. GLICK'S TESTIMONY** |

COME NOW Defendants Ottumwa Community School District (the "District"), Jerry Miller ("Miller"), and Dana Warnecke ("Warnecke"), and submit the following Resistance to Plaintiff's Motion to Reconsider Excluding Dr. Glick's Testimony.

**INTRODUCTION**

Plaintiff's Motion does not identify new evidence, new authority, or any error in the Court's Rule 702 analysis. Instead, Plaintiff attempts to manufacture a basis for Glick's testimony by characterizing Defendants as refusing to acknowledge that the N-word is racial or offensive. That is not Defendants' position. Defendants do not dispute that the N-word is a racial epithet or that its use is offensive.

**A. There is No Basis for Reconsideration.**

Although Plaintiff does not identify the authority for his Motion, he is presumably relying upon Rule 54(b). *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry

of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "It is generally held that a court may amend or reconsider any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law." *Jones v. Casey's General Stores*, 551 F.Supp.2d 848, 854 (S.D. Iowa 2008) (internal quotations omitted). "A motion to reconsider under Rule 54(b), however, may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Id*. at 854-55.

Plaintiff does not articulate recognized grounds for reconsideration or claim the Court made manifestly erroneous findings of facts or conclusions of law, and instead merely states that "Plaintiff would respectfully disagree with the Court's conclusion." (ECF 155, p. 2). Plaintiff's disagreement with the Court's conclusion is not a proper basis for a motion to reconsider.

**B. Defendants Have Never Argued the N-Word is Not an Offensive, Racial Slur.**

Plaintiff's Motion misconstrues summary judgment arguments raised by Defendants. Defendants do not dispute that the N-word is a racial epithet or that its use is offensive. Nor will Defendants ask the jury to conclude otherwise. The factual issues Defendants have raised concern the circumstances in which these particular children with behavioral disorders used the term, including evidence that they used the term and other provocative language toward adults of different races. Those circumstances are relevant to the elements of Plaintiff's claim.

As the Court's Supplemental Ruling on Pretrial Motions correctly found, Glick's "opinions fail to address the idiosyncratic facts and circumstances presented *here.*" (ECF No. 149, p. 3). Plaintiff's motion does not cure the fit problem identified by the Court and Defendants. Glick offers no opinion concerning why the children in Mr. Bender's classroom used racial slurs, whether their use of those words was motivated by racial animus toward Plaintiff, or how social-science research

concerning adult stereotyping and implicit bias can reliably be applied to children with behavioral disorders. Thus, Glick's opinions do not assist the jury in resolving the issue Defendants raised on summary judgment concerning whether the children's conduct satisfies the "based on race" element of Plaintiff's claim.

There is no basis to conclude the Court committed manifest error.

**C. Plaintiff's New "Clear Bias" Theory Confirms the Rule 702 Problem.**

Plaintiff now argues that Defendants' "clear bias" caused them not to recognize the harassment and therefore did not adequately intervene. Setting aside that a motion to reconsider is not the proper vehicle to raise a new theory, this argument illustrates rather than cures the problem with Glick's opinions. Plaintiff now proposes to use generalized social-science research concerning racial bias to support an inference that Miller and Warnecke themselves were biased. Yet Glick has not evaluated either Defendant, has not opined that either Defendant harbors racial bias, and has not reliably applied his research to their conduct or the unique educational environment at issue in this case. Rule 702 does not permit Plaintiff to place generalized research before the jury and invite the jury to perform the missing application itself. The Court correctly found "the gulf between [Glick's] opinions (or, more precisely, the research he cites to support those opinions) and the facts of this case is simply too wide to satisfy Rule 702 even under the liberal governing standard." (ECF 149, p. 4). Further, as the Court correctly held, it would not be proper for Glick to "tell jurors to doubt the credibility of Defendants" when they testify about how and why they responded the way that they did. (ECF 149, p. 5).

Nothing in Plaintiff's Motion identifies any clear or manifest error in the Court's Supplemental Rulings on Pretrial Motions. Plaintiff simply proposes a different use for the same

generalized opinions of Glick that the Court has already excluded. That is not a basis for reconsideration.

## CONCLUSION

Plaintiff's Motion identifies no basis for reconsideration of the Court's ruling excluding Glick's testimony. Defendants respectfully request the Court deny Plaintiff's Motion to Reconsider.

Respectfully submitted,

/s/ Andrew T. Tice

/s/ Lindsay A. Vaught

Andrew T. Tice (AT0007968)
Lindsay A. Vaught (AT0010517)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: atice@ahlerslaw.com
lvaught@ahlerslaw.com
**ATTORNEYS FOR DEFENDANTS**

**Electronically Filed and Served Upon.**

Roxanne Conlin
Devin Kelly
Roxanne Conlin & Associates, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
roxanne@roxanneconlinlaw.com
dkelly@roxanneconlinlaw.com
dpalmer@roxanneconlinlaw.com
**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: September 13, 2026

By: ☐ U.S. Mail ☐ Fax
☐ Hand delivery ☐ Private Carrier
☒ Electronically (*via CM/ECF*) ☐ E–mail

Signature: /s/ Lindsay Vaught