**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| ROBERT BENDER,<br><br>Plaintiff,<br>v.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE,<br><br>Defendants. | Case No.: 4-23-cv-203-SHL-HCA<br><br>**PLAINTIFF'S RESISTANCE TO DEFENDANTS' MOTION TO LIMIT THE SCOPE OF TESTIMONY OF DAN FLUGUM** |

COMES NOW Plaintiff, by and through Counsel, and in Resistance to Defendants' Motion To Limit The Scope of Testimony of Dan Fluguem, states as follows:

1. Defendants wish to limit the scope of Dan Fluguem's testimony stating that portions of the subject matter of Mr. Flugum's testimony was not disclosed.
2. Federal Rule 26(a) requires the parties to provide, "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;"
3. In both his Initial disclosures and discovery responses, Plaintiff not only identifies Mr. Fluguem specifically, but also indicates that any employee or agent of Defendant may have knowledge of the allegations contained in Plaintiff's Complaint. Plaintiff's Initial Disclosures states, "The public Defendant, and its employees, agents, contractors, and representatives, have discoverable information regarding all aspects of Plaintiff's claims, including, but not limited to, liability, causation, and damages.

They also have discoverable information regarding their defenses." Doc. 150, Defs.' Object. To Pl.'s Witness List and Mtn. to Limit the Scope of Testimony of Dan Flugum, attachments.

4. Even Defendants' own Motion attaches Plaintiff's discovery responses in which Mr. Fluguem is identified. The specific request they refer to asked only for "pastoral counselors." Therefore, Plaintiff only identified him as a pastoral counselor.

5. Additionally, Plaintiff testified in his deposition that Mr. Fluguem was a schoolteacher at Ottumwa who was also a pastor and he talked to about his struggles while still teaching at Evans Middle School.

> Q: Okay Did you visit any medical providers for mental health concerns while you were still working at Evans?
> A: No, sir. I just talked to preachers and different ones. That's the people I talk to for it. I talk about my mental stability and stuff.
> Q: This would be Mr. Fluguem and Mr. Smith?
> A: Yes, sir.
> Q: It looks like you spoke to Mr. Fluguem in the Fall of 2022 about stress?
> A: Yes. He was a schoolteacher at Ottumwa High School.
> Q: Okay. Is that why you went to him?
> A: Yes. We got to talking, yes. He's a preacher, and I went to church at night in Albia. So we got to talking about how I needed someone to talk to, so I talked to him as a preacher. And the other preacher, Mr. Ryan Smith, I talked to him.
>
> (Depo. of Robert Bender, p. 277, lines 3-21), Att. 1.

6. Defendants' own line of questioning identifies Mr. Fluguem as an individual Plaintiff spoke to, before he identifies him in his answer. Defendants' knowledge of Mr. Fluguem's relationship with Plaintiff and potential knowledge of Plaintiff's treatment within the Defendant school district was known and they could have spoken with him regarding what he may or may not know.

7. Mr. Fluguem's relationship with Plaintiff cannot be artificially divided into two

separate boxes: one of a pastor and one of a school employee. Mr. Fluguem made it known to his coworkers that he was a pastor and much of his initial interactions with Plaintiff occurred while he was an employee and through their relationship as coworkers. Although Plaintiff knew Mr. Fluguem was a pastor and that is why he sought out Mr. Fluguem's counseling, Mr. Fluguem would obviously have knowledge, through his employment, of the general happenings within the school district. This includes information relating to Plaintiff's claims.

8. Defendants seem to imply that they didn't have an opportunity to interview Mr. Fluguem and seemingly were unaware of Mr. Fluguem's knowledge of this case. Defendants are entirely aware that Mr. Fluguem, who Plaintiff listed on his witness list and in discovery responses, was an employee of the Defendant School District. Defendants had every opportunity to interview or inquire as to what knowledge its former employee may or may not have about this case.

9. It is unreasonable for Defendants to allege they are unaware their own employee has knowledge of Plaintiff, who is also an employee, and other happenings within Defendants' school. Especially, considering Defendants have been aware for quite some time that Plaintiff confided in Mr. Fluguem relating to his mental health struggles suffered due to his mistreatment as a teacher at Evans Middle School.

10. Plaintiff adequately disclosed Mr. Fluguem and Defendant employees as individuals with knowledge of Plaintiff's claims and any surprise the Defendants claim as a result of their failure to investigate their employees' knowledge are not the fault of Plaintiff

11. Even if Plaintiff failed to provide every detail Mr. Fluguem may know, this alleged failure is harmless and the harm that resulted, if any, was the fault of Defendants'

failure to investigate its former employee's knowledge of Plaintiff's claims.

12. While Plaintiff is resisting this Motion, it is his Counsel's belief Mr. Fluguem has limited personal, firsthand knowledge relevant to Plaintiff's claims. Mr. Fluguem taught in a separate school and had limited, if any, interaction with the individual defendants in this case.

WHEREFORE, Plaintiff respectfully requests this Court deny Defendants' Motion to Limit the Scope of Dan Fluguem's testimony.

Respectfully Submitted,

/s/ *Devin C. Kelly*
ROXANNE CONLIN AT0001642
DEVIN C. KELLY AT0011691
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321
Phone: (515) 283-1111; Fax: (515) 282-0477
Email: roxanne@roxanneconlinlaw.com
dkelly@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on September 14, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

*/s/ Deb Palmer*