IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT BENDER,<br>Plaintiff,<br>vs.<br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE,<br>Defendants. | 4:23-cv-00203-SHL-HCA<br><br>**SUPPLEMENTAL RULING ON RULE 50 MOTION** |

In this employment discrimination case, Plaintiff Robert Bender asserted three claims that ended up going to jury trial: Count I sought compensatory and punitive damages under 42 U.S.C. §§ 1981 and 1983 against Defendants Ottumwa Community School District, Jerry Miller, and Dana Warnecke; Count III sought compensatory damages against Ottumwa Community School District under Title VII of the Civil Rights Act of 1964; and Count IV sought compensatory damages under the Iowa Civil Rights Act against Ottumwa Community School District, Miller, and Warnecke. After Plaintiff rested, Defendants moved for judgment as a matter of law on all three Counts pursuant to Fed. R. Civ. P. 50. (ECF 164.) In an oral ruling, the Court granted the motion in part and dismissed Count I as against Ottumwa Community School District. The Court denied the motion in part and allowed Counts I, III, and IV to go to the jury on the issue of compensatory damages. Finally, the Court reserved ruling on the motion as it related to Plaintiff's claim for punitive damages against Miller and Warnecke on Count I. (ECF 165.)

The jury later returned a verdict awarding $425,000 in compensatory damages against all three Defendants and $100 in punitive damages against each of Miller and Warnecke. The Court now GRANTS Miller's and Warnecke's motion for judgment as a matter of law on Plaintiff's claim for punitive damages in Count I and VACATES the corresponding jury verdict of $100 against each of them. This ruling does not affect the award of compensatory damages against Miller, Warnecke, or Ottumwa Community School District.

To obtain punitive damages in an employment discrimination claim under § 1981, a plaintiff must "show that his employer engaged in a discriminatory practice with 'malice' or 'reckless indifference' to his federally protected rights." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520,

526 (8th Cir. 2019). "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999). Here, Plaintiff's evidence and arguments on punitive damages focused exclusively on whether Miller and Warnecke knew they were engaging in discrimination. He did not present evidence or argument to the effect that they knew they were acting in violation of federal law, such as (for example) evidence that they received training on federal employment discrimination laws or understood that it might be deemed a violation of those laws to fail to respond in an appropriate manner to student-on-teacher harassment. It follows that, even when the facts are viewed in the light most favorable to him, Plaintiff has not offered sufficient evidence to sustain a jury verdict for punitive damages on Count I. *See Sayger v. Riceland Foods, Inc.*, 735 F.3d 1025, 1034 (8th Cir. 2013) (affirming denial of motion for new trial on punitive damages where plaintiff did not present evidence that defendant's managers knew they were violating federal law).

For these reasons, the Court GRANTS Miller's and Warnecke's motion for judgment as a matter of law on Plaintiff's claim for punitive damages in Count I.

The Clerk of Court is directed to enter Judgment in favor of Plaintiff and against Defendants in the amount of $425,000 as follows:

- against Defendants Miller and Warnecke on Count I;
- against Defendant Ottumwa Community School District on Count III; and
- against all three Defendants on Count IV.

The award is joint and several. Costs will be taxed to Defendants.

**IT IS SO ORDERED.**

Dated: September 30, 2026

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE