IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT BENDER,<br><br>Plaintiff,<br><br>v.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE<br><br>Defendants. | Case No.: 4:23-cv-203-SHL-HCA<br><br>**DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW (RULE 50(b)) AND ALTERNATIVE MOTIONS FOR NEW TRIAL (RULE 59(b)) AND/OR REMITTITUR (RULE 59(b) and/or (e)) *and* REQUEST FOR ORAL ARGUMENT** |

COME NOW Defendants Ottumwa Community School District (the "District"), Jerry Miller ("Miller"), and Dana Warnecke ("Warnecke"), pursuant to Fed. R. Civ. P. 50(b) and 59(b), (e), and hereby submit their Renewed Motion for Judgment as a Matter of Law and Alternative Motions for New Trial or Remittitur, and in support, state as follows:

1. This case proceeded to trial on September 14, 2026. *See* Doc. 190.

2. Plaintiff completed his case-in-chief on September 16, 2026. *See* Doc. 192.

3. On September 16, 2026, Defendants moved for judgment as a matter of law under Rule 50(a). *See* Doc. 192 [Trans. 427:22-433:11]. The Court reserved ruling at the time. *See* Doc. 192 [Trans. 440:8-14].

4. On September 17, 2026, the Court issued its ruling upon the Rule 50(a) motion denying Defendants' request for judgment as a matter of law while reserving ruling upon Plaintiff's claims for punitive damages. *See* Doc. 193 [Trans. 747:20-755:3]. Later the same day, Defendants renewed their motion upon conclusion of their case-in-chief. *See* Doc. 193 [Trans. 758:19-759:4]. The Court entered the same ruling as before. *Id*.

5. On September 18, 2026, the jury rendered a verdict finding Plaintiff proved his claim for hostile work environment against Defendants and found emotional distress damages of $425,000 and assessed punitive damages against Miller and Warnecke. *See* Doc. 180 [Verdict].

6. On September 30, 2026, the Court issued a Supplemental Ruling on Rule 50 Motion granting the prior Motion for Judgment as a Matter of Law on Plaintiff's claim for punitive damages and vacating the jury's verdict of $100 against each of Miller and Warnecke. *See* Doc. 186 [Suppl. Ruling].

7. On September 30, 2026, the Court entered Judgment upon the jury verdict in favor of Plaintiff and against Defendants in the amount of $425,000. *See* Doc. 187 [Judgment].

8. Because the evidence presented to the Court does not support Plaintiff's claims (including those asserted under Counts I, III, and IV) there was not a legally sufficient evidentiary basis for the jury to find for Plaintiff, Defendants are entitled to judgment in their favor as a matter of law and Defendants hereby renew their motion for judgment as a matter of law pursuant to Rule 50(b). Plaintiff's claims fail, as more fully set forth within the attached brief, because:

A. Plaintiff failed to show "special circumstances" to support his claims.

B. Plaintiff did not present sufficient evidence to connect student conduct to Plaintiff's race.

C. Plaintiff did not present sufficient evidence to support finding objectively severe or pervasive conduct.

D. Plaintiff did not present sufficient evidence the work environment was subjectively hostile or abusive.

E. Plaintiff did not present sufficient evidence to find Defendants failed to take prompt and appropriate corrective action.

9. Alternatively, Defendants move for a new trial pursuant to Rule 59(b) because the jury was presented evidence that was irrelevant and unduly prejudicial to Defendants and because the jury was not properly instructed upon the "special circumstances" required to establish Plaintiff's claims.

10. Alternatively, Defendants move for a new trial pursuant to Rule 59(b) because the jury received improper argument that tainted the compensatory damages verdict.

11. Alternatively, Defendants move for remittitur pursuant to Rule 59(b) and/or 59(e) as the jury's verdict upon the monetary amount of emotional distress damages was grossly excessive under the law.

12. Defendants are filing, and incorporate herein by reference, a brief in support of their renewed motion for judgment as a matter of law (Rule 50(b)) and alternative motions for new trial (Rule 59(b)) or remittitur (Rule 59(b) and/or (e).

13. To the extent the Court would find it helpful, Defendants request oral argument.

WHEREFORE, for the reasons stated above and those stated in the supporting brief, Defendants respectfully request that the Court grant their Renewed Motion for Judgment as a Matter of Law, dismiss Plaintiff's claims with prejudice, and enter judgment in Defendants' favor; Defendants alternatively request the Court enter an order granting a new trial and/or remittitur.

Respectfully submitted,

/s/ Andrew T. Tice

/s/ Lindsay A. Vaught

Andrew T. Tice (AT0007968)
Lindsay A. Vaught (AT0010517)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: atice@ahlerslaw.com
**ATTORNEYS FOR DEFENDANTS**

**Electronically Filed and Served Upon:**

Roxanne Conlin
Devin Kelly
Roxanne Conlin & Associates, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
roxanne@roxanneconlinlaw.com
dkelly@roxanneconlinlaw.com
dpalmer@roxanneconlinlaw.com
**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: October 27, 2026

By: ☐ U.S. Mail ☐ Fax
☐ Hand delivery ☐ Private Carrier
☒ Electronically (*via CM/ECF*) ☐ E–mail

Signature: /s/ Anne Stokely

4929-4214-0379-1\13473-045