IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT BENDER,<br><br>Plaintiff,<br><br>v.<br><br>OTTUMWA COMMUNITY SCHOOL DISTRICT, JERRY MILLER, and DANA WARNECKE<br><br>Defendants. | Case No.: 4:23-cv-203-SHL-HCA<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** |

COME NOW Defendants Ottumwa Community School District (the "District"), Jerry Miller ("Miller"), and Dana Warnecke ("Warnecke"), and submit the following Objections to Plaintiff's Bill of Costs.

**A. Video Fees for Defendants' Depositions Were Not Necessarily Obtained for Use in the Case.**

Plaintiff's Bill of Costs seeks an award of costs for videotaping the depositions of Dana Warnecke ($857.56) and Jerry Miller ($1,072.15), in addition to the written transcript costs for these depositions. The Court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff may only recover costs for both printed and electronically recorded transcripts of the same deposition if both were "necessarily obtained for use in the case." *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 466-67 (8th Cir. 2015); *see also* United States District Court Southern District of Iowa *Bill of Costs Guidelines*, at 5 ("Ordinarily, parties may only tax the costs for either an electronically recorded or printed deposition. If a party if requesting costs for both formats, it must explain why both types

of transcripts were necessarily obtained for use in the case.”).[1] Electronic recordings of the depositions of Miller and Warnecke were not necessarily obtained for use in the case. Both witnesses were named defendants available to testify live at trial, and no part of the video recordings were used during trial or during any other part of the proceedings. Electronic recordings obtained for counsel’s convenience, and not necessary for use in the case, are not taxable. *See Griner v. King*, No. 21-CV-4024-CJW-MAR, 2023 WL 2163994, at *13 (N.D. Iowa Feb. 22, 2023) (denying video costs that were not used at trial where the prevailing party provided no indication why it needed both written transcripts and video, or why the written transcripts would have been insufficient).

Therefore, the $1,929.71 Plaintiff seeks for videotaping the depositions of Miller and Warnecke should not be awarded.

**B. Deposition Fees for Plaintiff’s Second Deposition Should Not be Awarded.**

Plaintiff’s Bill of Costs seeks an award of $490.40 for a copy of the transcript of Plaintiff’s second deposition. Such costs should not be awarded because Plaintiff was not the prevailing party with respect to the claims on which this deposition was taken. *See* Fed. R. Civ. P. 54(d)(1) (“costs—other than attorney’s fees—should be allowed to the prevailing party.”).

Plaintiff’s second deposition was taken after Plaintiff filed the Second Amended Complaint to add Lonna Kaster and Carly Wettstein as individual defendants and assert new claims regarding alleged events after he transferred from Evans Middle School to Ottumwa High School (the “High School Claims”). The purpose of Plaintiff’s second deposition was to obtain Plaintiff’s testimony on the High School Claims. *See* Ex. A (emails between counsel agreeing second deposition to be focused on the new claims). Plaintiff did not prevail on the High School Claims, which were

[1] Available at https://www.iasd.uscourts.gov/bill-costs-guidelines.

dismissed with prejudice in the Court's Order on Defendants' Motion for Summary Judgment. (*see* ECF No. 122). As such, Lonna Kaster, Carly Wettstein, and the School District were the prevailing parties entitled to costs on the High School Claims, not Plaintiff.[2] *See Milton v. Des Moines, Iowa*, 47 F.3d 944, 947 (upholding denial of costs where plaintiff prevailed against one defendant but "[t]hree defendants were found *not* liable to [plaintiff]; therefore, they were prevailing parties entitled to costs against [plaintiff].").

Plaintiff should not be awarded costs for the transcript of his second deposition because he was not the prevailing party with respect to the High School Claims at issue in that deposition.

**C. Deposition Fees for the Deposition of Michael Stiemsma Should be Reduced.**

Plaintiff's Bill of Costs seeks an award of $542.28 for the deposition of Michael Stiemsma. More than half of Stiemsma's deposition concerned the High School Claims on which Kaster, Wettstein, and the School District were the prevailing parties, not Plaintiff. The High School Claims involved separate and distinct factual issues and parties, and the corresponding testimony was not reasonably related to or necessary to litigate the Evans Middle School student-on-teacher harassment claim that was tried. For example, Stiemsma's deposition included extensive testimony regarding High School IEPs and progress monitoring, supervision at the High School, performance concerns at the High School, and alleged targeting by Kaster and Wettstein. Defendants relied upon portions of Stiemsma's deposition to support their successful Motion for Summary Judgment on the High School Claims. (*see* ECF No. 106, DEF APP 191–203).

Accordingly, Defendants request the Court exercise its discretion under Federal Rule of Civil Procedure 54(d)(1) to deny or reduce the taxable costs of Stiemsma's deposition transcript.

---

[2] Defendants incurred costs of $1,177.80 for the second deposition of Plaintiff regarding the High School claims, portions of which were used to support Defendants' Motion for Summary Judgment on which they prevailed on the High School Claims. *See* Ex. B (Invoice).

*See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006) ("Rule 54(d) is phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party."); *Milton*, 47 F.3d at 947.

**D. The Transcript of the Final Pretrial Conference Was Not Necessarily Obtained for Use in the Case.**

Plaintiff's Bill of Costs seeks an award of $403.65 for the transcript of the Final Pretrial Conference. The Court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Court's Bill of Costs Guidelines explain that "hearing transcripts are taxable if the transcript was: a) Procured at the direction of the Court; b) Prepared pursuant to the stipulation of the parties to tax as costs; or c) Necessary for use in the case and the requesting party explains why the trial or hearing transcript was necessarily obtained." The Guidelines further explain that "[t]axation will not be allowed if the transcript was procured primarily for counsel's convenience. Additionally, the transcript must have a direct relationship to the determination and result of the trial." (*citing McDowell v. Safeway Stores*, 758 F.2d 1293 (8th Cir. 1985)). The transcript of the Final Pretrial Conference does not meet any of the conditions required to tax the transcript as a cost. Instead, the transcript was ostensibly procured primarily for counsel's convenience to supplement his notes. *See* Ex. C, p. 1 (email requesting transcript). Plaintiff should not be awarded this cost.

**E. Transcripts of Audio Recordings Were Not Necessarily Obtained for Use in the Case.**

Plaintiff's Bill of Costs seeks an award of $930.17 for "Speakwrite, LLC Transcript of Audios." (*see* ECF 188, pp. 5, 26). It is unclear from Plaintiff's Bill of Costs what "audios" Plaintiff had transcribed. Although portions of one audio recording were admitted into evidence at trial, no transcripts of audio recordings were ever produced by Plaintiff, nor were any transcripts admitted

into evidence at trial. These expenses were not necessarily obtained for use in the case, as required by 28 U.S.C. § 1920(2), and should not be taxed as costs.

**F. Costs for Copies Should be Limited to Those Necessarily Obtained for Use in the Case.**

Plaintiff's Bill of Costs seeks an award of $3,146.92 for costs of making various unknown and undisclosed "copies". The Court may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Court's Bill of Costs Guidelines explain when copies are taxable as costs, including "[c]ourtesy copies required to be provided to the presiding judge" and "[o]ther copies that were necessarily obtained for use in the case, and not mere convenience, provided that the requesting party provides an explanation as to why the copies were necessarily obtained." Additionally, the Court's Bill of Costs Guidelines identify copies that are "NOT taxable by the Clerk," including "[c]opies obtained for discovery purposes," "[c]opies that were retained by counsel for counsel's use," and "[c]opies that were provided to clients."

Plaintiff has not provided information to establish the copying expenses claimed were necessarily obtained for use in the case. Most of the charges are identified only as monthly copying expenses beginning four (4) years ago in October 2022, without any description of the documents that were copied or their intended use. Most notably, Plaintiff seeks $1,912.65 for "September 2026 Copies," without any explanation or documentation establishing the necessity of that substantial expense involving 12,751 pages of unknown and undisclosed documents. (*see* ECF No. 188, pp. 4, 62). Plaintiff also seeks $378.65 for printing a portion of the discovery production in January 2026, but copies obtained for discovery purposes are not taxable, pursuant to the Court's Guidelines. (*see* ECF No. 188, pp. 4, 63).

Finally, Plaintiff seeks $293.82 for copies of trial exhibits, but did not provide the required explanation to establish the full cost of such copies were necessarily obtained for use in the case, and not mere convenience.

Accordingly, Defendants request that the Court disallow Plaintiff's $3,146.92 in copying expenses or, alternatively, reduce the award to those expenses Plaintiff adequately established were necessarily obtained for use in the case.

Respectfully submitted,

/s/ Andrew T. Tice

/s/ Lindsay A. Vaught

Andrew T. Tice (AT0007968)
Lindsay A. Vaught (AT0010517)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: atice@ahlerslaw.com
lvaught@ahlerslaw.com
**ATTORNEYS FOR DEFENDANTS**

**Electronically Filed and Served Upon.**

Roxanne Conlin
Devin Kelly
Roxanne Conlin & Associates, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
roxanne@roxanneconlinlaw.com
dkelly@roxanneconlinlaw.com
dpalmer@roxanneconlinlaw.com
**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: October 27, 2026

By: ☐ U.S. Mail ☐ Fax
☐ Hand delivery ☐ Private Carrier
☒ Electronically (*via CM/ECF*) ☐ E–mail

Signature: /s/ Anne Stokely

4923-7165-2057-1\13473-045